# Kelly *v.* Hancock.

*Statutory Real Action in the Nature of Ejectment.*

1. *Evidence ; admissibility of.*—In ejectment by a widow to recover a portion of the decedent's lands which had been assigned to her as dower, and which, by parol contract, she had sold, but had never conveyed, it being a disputed question, under the plea of the statute of limitations, whether she had been fully paid for the lands so sold by her, the fact that she did not file a claim for any part of the purchase-money

[Kelly v. Hancock.]

against the insolvent estate of the deceased purchaser, is admissible in evidence against her, as a circumstance, to be weighed by the jury, with the other testimony, in determining whether any part of the purchase-money remained unpaid.

2. *Decree in equity ; extent of operation as an estoppel.*—The purchaser from the widow having also purchased from the decedent's administrator the estate's interest in the entire tract out of which the dower had been assigned, including the reversion in the dower portion, and having died without paying therefor, a bill was filed against his heirs (to which the widow was also made a party defendant), to enforce a vendor's lien for the unpaid purchase-money, setting forth the allotment of dower to the widow, with a description of the land so allotted, the extent of the purchase from the administrator, and that it embraced only the reversion in the dower land, and seeking no relief against the widow. She having made no defense by answer or otherwise, on the hearing a decree was entered, ordering a sale of the entire tract, without mention of the dower claim, or any particular estate in any of the land ; and, under this decree, a sale and conveyance were made, purporting to be also of the entire tract. *Held*, that the decree must be referred to the claim set up in the bill, and that the widow is not thereby estopped from asserting her title to the dower land.

3. *Rule of repose as applied to possession of land.*—A son of the widow having become the purchaser at the sale under said decree, and having taken possession under his purchase, and continued therein until his death, and she, after being out of possession from the time she sold the dower land, having returned and resided with him until his death, when she again surrendered possession, *it was further held*, that if the son claimed the absolute and exclusive ownership of the entire tract, his mother residing with him merely as a member of his household, and asserting no claim herself, after the lapse of twenty years from the time she surrendered possession to the purchaser of the dower land, the law would presume against her payment therefor, a conveyance thereof, or any thing else, to quiet a possession which had so long remained undisturbed ; but that no such presumption could be indulged against her, if her son's possession was in recognition of her rights, she asserting title to the dower land while she resided with him.

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

This was a statutory real action in the nature of ejectment, brought by Julia J. Hancock against Solon and Emmett Kelly ; and was commenced on 21st June, 1881. The defendants pleaded, in short by consent, (1) not guilty, (2) the statute of limitations of ten years, and (3) the statute of limitations of twenty years ; and upon issue joined on these pleas the cause was tried, the trial resulting in a verdict and judgment for the plaintiff.

As shown by the evidence, Robert Hancock died in 1856, leaving the plaintiff his widow, and seized and possessed in fee of a tract of land in Madison county, containing six hundred and forty acres, of which, on 4th April, 1857, two hundred and thirteen acres, the lands sued for in this action, were duly allotted to the plaintiff as dower ; and on which was situated the dwelling house of plaintiff's husband, where he had resided for many years prior to his death. On 18th October, 1858, " the

[Kelly v. Hancock.]

reversionary interest in said dower land, together with the fee simple of the balance of said tract of six hundred and forty acres, was duly sold" by John Scay, as the administrator of said estate, pursuant to a decree of the probate court of said county, to William M. Gooch, who also purchased from the plaintiff her estate in the dower land for $4000, one-half of which was paid in cash. This latter purchase was made through said Seay, as plaintiff's agent, and does not appear to have been in writing. Gooch, having taken possession under his purchase, continued therein until his death, which occurred a few years afterwards. He having failed to pay for the lands bought by him at the administrator's sale, after his death a bill was filed in the chancery court to enforce a vendor's lien thereon for the unpaid purchase-money ; and, in 1867, the entire tract was sold under a decree rendered in the cause made by said bill, as is more fully stated in the opinion. At this sale John W. Hancock, the son of said decedent and of the plaintiff, became the purchaser, receiving a conveyance purporting to convey the entire tract to him. He took possession and continued therein until his death, in November, 1880. The defendants claim under John W. Hancock, as shown in the opinion. In January or February, 1858, the plaintiff went to Winchester, Tennessee " for the purpose of educating her children." In 1867, she returned to this State from Tennessee, and resided in the dwelling house on said dower land, with her said son, until his death, in November, 1880 ; and after his death, she continued to reside in said house until January, 1881, when she left it.

The other facts disclosed by the evidence, and the exceptions reserved in the court below, so far as passed on by this court, are sufficiently stated in the opinion.

CABANISS & WARD, for appellants. (1) If Gooch paid Mrs. Hancock the purchase-money for the dower in full, his possession became adverse.—1 Brick. Dig. p. 50, § 15. John W. Hancock succeeded Gooch in this adverse possession by virtue of the register's deed to him. This adverse possession for ten years, exclusive of the war, had the effect to invest John W. Hancock with the legal title, without any conveyance from Mrs. Hancock.—1 Brick. Dig. p. 51, § 41. Whether Gooch had paid Mrs. Hancock in full or not, was therefore, a material inquiry, determining the character of his possession. Her admission of full payment had been proved ; but she denied it. That she had failed to make any claim against his estate, was a circumstance that the jury might well have weighed, with her admission, against her denial. The record showing this failure was, therefore, competent evidence. (2) Payment of a part of the purchase-money and going into possession by the

purchaser took the contract out of the statute of frauds.—Code, 1876, § 2121, subd. 5.     The charge requested by appellant should have been given.   (3)   The plaintiff was a party to the bill filed to enforce payment of the unpaid purchase-money   ‚ due the estate of her husband.   The decree authorized the sale of the entire tract ; that decree stands unreversed, and is now conclusive on the plaintiff.   This point discussed with following citation of authorities : 2 Brick. Dig. 145, § 203 ; *Ib.* 145, § 204 ; *Ib.* 145, § 206.

D. D. SHELBY, *contra*, after discussing other questions raised by the record, contended that the plaintiff's right to maintain this action was in no way affected by the proceedings and decree in the suit brought to enforce the vendor's lien for the unpaid purchase-money due the estate of plaintiff's husband, citing the following authorities : Freeman on Judgments, § 271 ; Wells' Res Adj. § 225 ; *Ib.* §§ 226–7; 2 Whart. on Ev. 785, note 1, and cases cited ; *Fellows v. Hanlow*, 20 Cal. 450 ; *Riley v. Johnson*, 38 N. Y. 63 ; *Coit v. Tracy*, 8 Conn. 267 ; *Bradford v. Bradford*, 5 Conn. 127 ; *Phillips v. Thompson*, 3 Stew. & Port. 369 ; *Hopkins v. Lee*, 6 Wheat. 109 ; *McCalley v. Robinson*, 70 Ala. 432.

STONE, J.—The defendants below, appellants here, offered to prove that Mrs. Hancock did not file her claim for unpaid purchase-money of her dower interest against the insolvent estate of W. M. Gooch.   This was ruled out.   Certainly this failure is by no means conclusive evidence that she had no such claim.   Many reasons may be supposed why she did not then prefer a claim, and it may be that a satisfactory reason can be shown why it was not done.   But whether or not there was such valid, subsisting, unpaid claim, was one of the disputed questions on the trial.   We think this testimony ought to have been received, to be weighed with the other testimony, in determining whether there was such unpaid balance.   If the purchase-money was paid in full, then the holding became adverse, and would perfect a bar in ten years from that time.   The war intervening, the actual time necessary to perfect a bar would be extended to fourteen years, eight months and ten days, of independent, or adverse holding.   The circuit court erred in ruling this testimony out.

We do not say such testimony would, *per se*, bar a recovery. Such failure to file is only a surrender of all right to go against the insolvent estate.   It is no abandonment of the right to recover the land, nor of the right to enforce a vendor's lien upon it, if such right be asserted in time.   It is, as we have said, only a circumstance to be weighed by the jury in deter-

mining whether, in fact, there remains unpaid purchase-money. And to that extent, it is only important, as bearing on the question of time necessary to perfect a bar.— *Walker v. Crawford*, 70 Ala. 567.

The circuit court did not err in rejecting the trust-deed made by Mrs. Hancock to indemnify Scruggs, her acceptor. On its face it does not tend to prove any thing material to the issue being tried, and nothing was offered in connection with it, tending to show its materiality. We can not perceive how proof that a debt contracted · by Mrs. Hancock to Scruggs, Donegan & Co., even though never paid by her, can tend to prove that Gooch, a stranger to the transaction, had either paid the bill, or paid a debt he owed to Mrs. Hancock.—*Seals v. Edmondson*, 71 Ala. 509.

It is among the undisputed facts in this record, that dower in the lands sued for was allotted to Mrs. Hancock, before the larger tract out of which it was carved was sold under decree of the probate court, as of the estate of her deceased husband, Robert Hancock; that at such sale Gooch became the purchaser of the entire tract, but only purchased the reversion in that part which had been assigned as dower; and that the interest he acquired in the dower estate, was by virtue of an independent purchase from Mrs. Hancock, through her agent. The purchase-money to be paid for the estate's interest in the lands, was payable to Seay, the administrator. By an independent contract, Gooch purchased the dower interest of Mrs. Hancock, and by that contract bound himself to pay the purchase-price to her. He obtained title from neither vendor. He took possession under his several purchases, and retained possession until his death, a few years afterwards. He did not pay the purchase-money promised to the administrator, Seay. He paid one-half the purchase-price promised to Mrs. Hancock for her dower interest. Whether he paid the other, deferred installment, was one of the controverted questions in this trial. Mrs. Hancock left the premises as early as 1858, and did not institute this suit until 1881, about twenty-three years after surrendering the possession to Gooch.

A bill was filed against the heirs of Gooch to enforce a vendor's lien for the payment of the notes given to the administrator, in the purchase of the lands under the probate sale. Mrs. Hancock was made a defendant to that bill, and neither answered, nor made other defense. The bill set forth the extent of Gooch's purchase, and that it embraced only the reversion in that part of the land which had been allotted to Mrs. Hancock as dower. It also averred the allotment of dower to Mrs. Hancock, describing it by numbers, metes and bounds. The chancellor decreed a sale of the entire tract, without men-

tioning the dower claim, or any particular estate in any of the land. The sale and conveyance under the chancellor's decree were made in the same way. John W. Hancock, son of Robert Hancock and of Mrs. Hancock, the dowress, became the purchaser, and received a conveyance from the register. This was in 1867, and John W., the purchaser, immediately took possession, his mother occupying with him. He and his mother continued to live together on the premises until 1880, when John W., the son, died. The lands were soon afterwards sold under mortgages executed by John W., and the brothers Kelly became the purchasers, and went into possession. The present action, as we have said, was brought in 1881, to recover the dower interest.

We have said above that Mrs. Hancock has never conveyed away her dower interest. On a material question in this cause, the testimony is in positive conflict. Some of the testimony tends to show, that from the time the Hancocks regained possession in 1867 until John W.'s death in 1880, he exercised exclusive ownership and dominion over the land, his mother claiming no interest, but simply enjoying a home and support at the hands of her son. Other testimony tends to show that during all that time Mrs. Hancock, being on the premises, asserted her claim to the dower estate, and that her son, John W., was cognizant of her claim, recognized it, and supported her in agreed consideration of its use. This is the pivotal point in this cause. The Kelly brothers have no chain of title to the dower interest, which dates behind the mortgages under which they purchased. If John W. held in recognition of his mother's ownership, then the present defendants acquired no title. The mother had, and still has the legal title, unless entry is tolled by lapse of time. The present occupants have acquired no title by virtue of their unaided possession. On the other hand, if Mrs. Hancock was in possession in right of her son, asserting no claim herself, but simply as a guest, or member of his household, then more than twenty years have run against her since she surrendered possession to Gooch, and the law will presume against her payment, conveyance, or any thing else, to quiet a possession which has remained so long undisturbed.—*McArthur v. Carrie,* 32 Ala. 75.

And payment of the purchase-money promised by Gooch is only material, in so far as it affects the time necessary to complete a bar. Ten years independent holding, after full payment of purchase-money, bars a recovery even against a title otherwise valid.—*Tillman v. Spann,* 68 Ala. 102; *Barclay v. Smith,* 66 Ala. 230; *Clark v. Snodgrass, Ib.* 233; *Ryan v. Kilpatrick, Ib.* 332.

The charge numbered 3, given at the instance of the plain-

tiff, should not, in the state of the proof found in this record, have been given.    That charge affirms that if no title was made, then the possession would not become adverse, until the whole purchase-money was paid.    That is not reconcilable with what we have said above, and is not true, if, as part of the testimony tends to show, John W. Hancock took, claimed and held possession in his individual right.    In that event, twenty years would perfect a bar.

The charge asked, to the effect that if Gooch paid part of the purchase-money and received possession, then the contract was as binding on Mrs. Hancock as if such contract had been in writing and signed by her, was rightly refused for several reasons.    In the first instance, it raised an inquiry that was immaterial in this cause.    If the plaintiff meant by contract in writing an executory agreement to convey, then each phase of the hypothesis would only confer an equitable right, which can neither be enforced nor considered in a court of law.    In the second place, it mentions contract in writing, without discriminating between executory and executed contracts.    This would be misleading and erroneous, in this: While such oral contract of sale, accompanied with possession and part payment of the purchase-money, is the equivalent of a written obligation to convey (Code of 1876, § 2121), yet it is not the equivalent of a conveyance, which is only a contract in writing.

It is contended for appellant that, inasmuch as Mrs. Hancock was made a defendant to the bill, under which the vendor's lien was enforced against Gooch's heirs, and acquiesced in the decree therein rendered, this amounts to res adjudicata against her, and estops her from maintaining her present claim.    We can not assent to this.    The bill itself shows that the dower interest was no part of the property purchased at the administrator's sale, and furnished no part of the consideration for the bonds or sealed notes the bill sought to collect.    No lien existed against the dower estate, and none was asserted.    There was no claim set up in the bill, which affected Mrs. Hancock's interest, and well might she abstain from offering any defense. We can not suppose the chancellor attempted to declare a lien, which the bill itself shows did not exist.    The decree must be referred to the claim set up in the bill.    See authorities on brief of counsel.

The judgment of the circuit court is reversed, and the cause remanded.