J. L. WHETSTINE v. J. F. WILSON, Adm'r of S. C. WILSON.

*Special Contract—Statute of Limitations—Quantum Meruit—
Family Relationships—Consideration.*

1. Work and labor done and damage and inconvenience suffered for a
   father by a son-in-law and daughter, his wife, is a sufficient con-
   sideration to support an action upon a *quantum meruit.*
2. If there was a special contract to pay them in land for their services,
   upon failure so to do they are still entitled to be paid what their
   services are worth. The law implies a promise to pay when one
   fails to perform his part of a *special* contract.
3. Where husband and wife brought action for services rendered the
   father, and the latter were non-suited, and then the husband, within
   twelve months, brought another action alone : *Held*, he was not
   bound by the statute of limitations.

This action was brought in the Court of a Justice of the
Peace to recover the value of work· done by the plaintiff for
the intestate of the defendant in his lifetime, " by hauling
and chopping wood and making fires and waiting on S. C.
Wilson (the intestate), in his last sickness, and for feeding
his stock, for the space of three years preceding his death, to
the amount of three hundred dollars." The defendant
denied such indebtedness, pleaded the statute of limitations
and counter-claim. The plaintiff recovered, and the defend-
ant appealed to the Superior Court.

The following is so much of the case settled on appeal as
need be reported :

"It was admitted that the plaintiff. was a son-in-law of
said S. C. Wilson; that said S. C. Wilson died in June, 1885,
leaving eight children, of whom the wife of the plaintiff was
one; that J. F. Wilson was appointed his administrator on
the 26th day of August, 1887, and that soon after his appoint-
ment a suit was brought by the plaintiff and his wife E. A.
Whetstine, for services rendered by the plaintiff and plain-

tiff's wife, and that said action terminated by a judgment of nonsuit on the 5th day of March, 1888, and that the present action was begun on the 21st of September, 1888.

"E. A. Whetstine, wife of the plaintiff, was introduced as a witness, and testified that she was a daughter and heir of S. C. Wilson; that in 1880, she and her husband were living in McDowell County; that her father came to see them and told them that if they would come to his place in Burke County and would live on it and take care of him, he should have all of his land on the west side of Paddy's Creek; that the plaintiff and witness did go to his place and take care of him, wait on him and cut and haul his wood and nurse him in his last sickness; that he took sick in November, 1884, and got some better in the month of February, 1885, but finally died in June, 1885; that said services were worth $100 a year; that plaintiff and witness had been in possession of the land on the west side of Paddy's Creek as a tenant of S. C. Wilson from the time of their coming to Burke County up to the death of Wilson, and had paid rent therefor; that they were in possession of the said land now and paid rent therefor.

"The defendant, upon this testimony, insisted that the plaintiff's action was barred by the statute of limitations, and that the former action of J. L. Whetstine and E. A. Whetstine did not prevent its bar, as it was not the same action but had different plaintiffs, to-wit, this plaintiff and his wife.

"The defendant also insisted that the plaintiff, if he had rendered services as testified, rendered them upon a special contract with his intestate, and in payment therefor was entitled to have the land, and that the law could not employ or substitute a different contract from that which the parties had made for themselves. The Court intimated an opinion that, upon the evidence, the plaintiff was not entitled to

recover, upon which intimation the plaintiff submitted to a judgment of nonsuit and appealed."

*I. T. Avery,* for the plaintiff.
*S. J. Ervin,* for the defendant.

MERRIMON, C. J.—after stating the facts: The complaint was oral and informal—such as is allowed in the Court of a Justice of the Peace, where this action began. The cause of action was not alleged as founded upon a special contract, but upon a *quantum meruit* for work done for the intestate of the defendant in his lifetime and at his instance.

The evidence relied on in support of the plaintiff's cause of action, accepted as true, as it must be for the present purpose, fairly interpreted, did not prove an unwritten special contract on the part of the plaintiff to do labor for the intestate of the defendant, and, in consideration thereof, on the part of the intestate, to convey to the plaintiff the land mentioned. It was not so agreed in terms, nor by reasonable implication. The intestate agreed on his part, that "if they (the plaintiff and his wife) would come to his place in Burke County, and would live on it and take care of him, he (the plaintiff) should have all the land," &c   When should he have it? At once, upon the so going of the husband and wife? It is not at all probable the intestate intended to part with the title to the land before they had taken "care of him," or that they understood, or expected, that he would do so; such is not the reasonable implication. He was an old man— that is a fair inference; he wanted—needed some one—his daughter particularly—to take care of him, and indefinitely, while he lived   The terms of the contract are general and indefinite, but the just implication of it was, that if the plaintiff and his wife would "take care of" the intestate, as contemplated, he would make a will and therein devise the land mentioned to plaintiff. He did not make a will; he

did not perform his part of the contract at all; he was in default, and hence, if the plaintiff and his wife did service for him, as contemplated by the contract, or did service which he accepted and had benefit of, the plaintiff is entitled to reasonable compensation for such service. As the intestate failed to perform his part of the special contract, the law implied a promise and obligation on his part to pay the plaintiff reasonable compensation for the services rendered by him in pursuance of it. *Miller* v. *Lash*, 85 N. C., 51; *Jones* v. *Mial*, 82 N. C., 252.

It does not appear that the plaintiff and his wife were living in, and as members of, the family of the intestate, and no presumption arises that the services rendered by them were not to be paid for as such.

The plea of the statute of limitations cannot avail the defendant. The wife of the plaintiff was not a necessary party plaintiff in the first action mentioned. The present plaintiff was the plaintiff in that, as well as the present one, and the cause of action was the same, substantially, in both. The statute was not a bar to the first action, and as this one was begun within twelve months next after the non-suit in the former one, it is unaffected adversely by the lapse of time. *The Code*, §100; *Martin* v. *Young*, 85 N. C., 156.

The judgment of nonsuit must be set aside and a new trial allowed.

                                        Error.