## Ernest R. Peyton, Executor, v. Carrie R. McLennan.

1. SERVICES—*extent of right of member of household to recover for.* One member of a household cannot recover for services rendered to another member of such household in the absence of an express agreement.

2. EXPRESS CONTRACT—*when may not be abandoned and recovery had upon quantum meruit.* A member of a household rendering services to another member of such household under an express agreement for a certain sum to be provided for at the death of the one for whom such services are rendered, cannot, in the event of such sum not being provided for, abandon the express contract and recover upon a *quantum meruit.*

Contested claim in court of probate. Error to the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

WILLIAM A. POTTS, for plaintiff in error.

W. R. CURRAN, for defendant in error.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Carrie R. McLennan presented a claim for the sum of $780 to the County Court of Tazewell county against the estate of Susan Ledterman, which was allowed; an appeal was prosecuted to the Circuit Court of said county, where the cause was tried before a jury who returned a verdict in the claimant's favor for a like sum, upon which the court rendered a judgment for $580, after crediting $200 which the executor had tendered as the amount due to the claimant. The executor has brought the case to this court upon a writ of error.

The evidence shows that, in May, 1880, the claimant, then about fifteen years old, entered the home of her grandmother, Susan Ledterman, under an arrangement made by her mother and grandmother, to live with the latter and attend school, to do the domestic

work about the home and premises, and care for her grandmother, and receive in consideration thereof her board and clothing and the sum of $200 to be left as a bequest in the will of Mrs. Ledterman.

Prior to her death the decedent had made three wills: The first was made not long after claimant entered her home, and in that will she bequeathed claimant $200. On the sixteenth day of March, 1893, she made a second will and by its terms made a similar bequest to claimant. On the twelfth day of September, 1899, she made her third and final will, and while revoking her former wills failed to make any provision at all for the payment of defendant in error.

The claimant contends that there was no agreement as to the amount which she was to be paid in the form of a legacy, but we are fully satisfied, from a consideration of all the evidence, that the amount which claimant was to receive for her services was fixed at $200. The testimony of the sisters of claimant as to what passed between the mother and grandmother can warrant no conclusion other than that the amount of the legacy which Carrie was to receive was $200. If their testimony left any doubt at all upon that subject, such doubt was certainly removed by the testimony of W. B. Cooney, who had a conversation with Mrs. Ledterman concerning the making of her will, in which conversation she stated that as Carrie had lived with her and worked for her a good long time she wanted to leave her $200, and that in so doing she *was keeping an agreement that she had with claimant.*

Claimant entered the home of her grandmother under an agreement, plain and distinct in its terms as above outlined. She remained there for about five years, was clothed by her grandmother, attended school and was graduated at about the end of that period, and now seeks to recover, not the sum of $200, which deceased promised to will her and failed to do, but the wages which she claimed to be due her upon the *quantum meruit,* basing her claim to so recover

upon the theory that since the decedent failed to pro-
vide for the payment of the $200 in the manner desig-
nated in the arrangement, claimant may, notwithstand-
ing the terms of the arrangement, recover what her
services were reasonably worth.

This contention cannot be maintained under the law.
When claimant entered the home of her grandmother
and became a member of her household, she, by means
of that condition, barred herself from recovering any-
thing for any services she might render thereunder, ex-
cept upon an *express* agreement by decedent to pay;
and since the evidence is conclusive to the effect that
there was an express agreement upon the part of the
decedent to pay claimant the sum of $200, there can
be no implied contract to pay some other or different
amount.

Claimant, in her contention that as the deceased
failed to provide for the promised payment in the
manner designated, she can recover upon the *quan-
tum meruit,* cites us to several authorities claimed to
be in support of that proposition. We have examined
the cases referred to and are satisfied that none of the
cases cited support the claim. In the case of Colier v.
Rutledge, 136 N. Y. Ct. of Appeals, 621, cited by de-
fendant in error, there was no agreement *as to what
amount* should be left by will. Nor was there any
agreement proved as to the amount which should be
paid in the case of Porter v. Dunn, 131 N. Y. Ct. of Ap-
peals (Sickles), 314.

We believe that in every case cited by defendant in
error there was an absence of a finding as to the
amount which the testator should bequeath to the
party interested, or else there was a contract involved
relating to an interest in real estate which rendered
the contract inoperative as against the Statute of
Frauds, or for some other kindred reason. This was
the case in Whetstine v. Wilson, 104 N. C. 385, and
Hudson v. Hudson, Admr., 87 Ga. 678, cited by claim-
ant. No authority cited goes to the extent of holding

that because the manner of paying the amount agreed upon was not observed, therefore the amount itself could be increased or lessened, and a recovery had upon some basis as to the amount other than that expressly stated by the parties to the agreement.

Claimant is not entitled to recover upon the *quantum meruit;* therefore the judgment must be reversed and the cause remanded.

*Reversed and remanded.*