A. J. PATTERSON AND HER HUSBAND, J. D. PATTERSON, v. A. J. FRANK-
LIN AND J. H. WILSON, EXECUTORS OF F. M. JENKINS.

(Filed 13 January, 1915.)

1. **Husband and Wife—Wife's Separate Earnings—Agreement by Husband—
   Wife's Separate Estate—Wife's Right of Action.**

   Irrespective of whether the statute, chapter 109, Laws 1911, has changed
   the law theretofore prevailing allowing the husband the earnings of his
   wife and the proceeds of her labor, the husband may confer upon the wife
   the right to her earnings, upon which they become her separate estate,
   giving her a right of action to recover them in her own name.

2. **Same—Parties—Judgment Against Husband.**

   Where the husband has conferred upon the wife the right to her earn-
   ings, he is not a necessary party in her action brought to recover them
   from a third party; and when he has been joined with her as a party
   plaintiff, he becomes only a nominal party, and judgments, arbitration, or
   other proceedings with parties affecting him alone cannot affect her right
   to recover, if she has a good cause of action in her own name.

3. **Same—Estoppel in Pais—Moneys Received—Credits—Trials—Questions
   for Jury.**

   In proceedings brought by the wife to recover the value of her services
   rendered to her aged parent, under a valid agreement that such services
   would be compensated for by him, and her husband has set up this claim
   in an arbitration in which the wife was not a party, relating to his ac-
   count as guardian of the father, and has been paid a certain sum under
   the arbitration purporting to be in full of his wife's demand, and has paid
   it over to her, though the wife was a witness in the proceeding to arbi-
   trate, there is nothing in her conduct which could operate as an estoppel
   *in pais*, and the question of her recovery should be submitted to the jury,
   regarding the money she has received as a payment *pro tanto*, should she
   succeed in recovering a larger sum.

4. **Parent and Child—Services Rendered by Child—Agreement to Compen-
   sate.**

   Services rendered by an adult child to her parent living with her are
   presumed to be gratuitous; but this presumption may be rebutted and
   overcome by proper proof that they were given and received in expecta-
   tion of pay or compensation, extending to instances in which the child
   supported and cared for the parent under an express or implied promise
   that the compensation shall be provided for in the last will and testament
   of the recipient.

5. **Same — Wills — Consideration by Devise—Breach of Contract—Quantum
   Valebat.**

   Where an adult child renders services in the care and support of her
   aged parent under an agreement between them that the parent should in
   consideration thereof devise certain lands to the child, and the services
   are accordingly rendered by the child until the parent voluntarily leaves
   the home of the child, and renders it impossible to perform his part of ·

the contract, by conveying the lands to others, a right of action presently accrues to the child, who has performed his part of the contract, and he may recover for the reasonable value of the services rendered.

CLARK, C. J., concurring.

APPEAL by plaintiffs from *Justice, J.,* at August Term, 1914, of SWAIN.

Civil action to recover for services rendered F. M. Jenkins, now deceased, and for board and lodging him for six years, four months, and nineteen days.

The action was originally instituted by A. J. Patterson against F. M. Jenkins, who was her father. Afterwards, and over protest of plaintiff and also of himself, J. D. Patterson, the husband, was made party coplaintiff. F. M. Jenkins, having died, his executors were made parties and the action proceeded with against them as executors.

The suit was for services rendered and board and lodging of F. M. Jenkins for six years and over, at about $20 per month, and there was evidence of plaintiff tending to show that, on 14 January, 1906, F. M. Jenkins, having tried some of his other children, came to the house of *feme* plaintiff, who was his daughter, and they made arrangement that if she would give him a home and care and provide for him, he would leave her all of his property; that the husband assented, and it was a part of the agreement that the compensation was to belong to the wife; that, under the agreement, F. M. Jenkins stayed at plaintiff's home for six years, four months, and nineteen days, when he became dissatisfied and left, living thereafter with some of the others until he died, not long thereafter, a year or more; that the father, F. M. Jenkins, was an old man, needing much attention, and for the last year and more of his stay was almost helpless, and that an average charge of $20 per month was very reasonable; that some time after leaving plaintiff's house F. M. Jenkins conveyed a portion of his real estate to his wife, and, later, had given about one-third of the money he then had to some other relation, and, in his will, had left the bulk of his property to others, giving only a nominal amount to plaintiff A. J. Patterson; that during the very latest part of his stay with plaintiff, J. D. Patterson, the husband, in consultation with some of the other near relatives and heirs at law, had qualified and acted as guardian of F. M. Jenkins; that said Patterson was removed a short while after Jenkins left, and, there being a dispute as to a proper settlement of the guardianship matters, J. D. Patterson and F. M. Jenkins referred the matters in dispute between them to three arbitrators, who heard evidence and made an award, in effect, that Patterson owed and should pay to F. M. Jenkins $389.87 as a settlement of guardian accounts and should turn over to said Jenkins a certain deed of trust which was a subject of difference between them.

In the hearing before the arbitrators J. D. Patterson presented a bill for board and lodging which his wife had claimed of him as guardian, to the amount of $1,117.50, and on which he had paid her $586.52, leaving a balance due her on account of $530.98. The arbitrators allowed J. D. Patterson credit by reason of the claim of $196.65 and made the award as heretofore stated. That when the award was announced Mrs. Patterson paid back to her husband all of the money paid to her by him, except the $196.65, for which he had been allowed credit.

It appeared that Mrs. Patterson had been examined as a witness before the arbitrators, but all the evidence tended to show that she was not a party to said proceeding, nor had she appeared therein nor authorized any one to appear for her or submit her claim to the action to the board of arbitrators.

At the close of the evidence, or during the trial, the court having intimated an opinion adverse to plaintiffs, they submitted to a nonsuit and appealed.

*Frye, Gantt & Frye for plaintiff.*
*A. J. Franklin and Alley & Leatherwood for defendant.*

HOKE, J., after stating the case: Under the law, as it has heretofore prevailed in this State, a husband is entitled to his wife's earnings, the proceeds of her labor, where they are living together as man and wife, and we are not called on to determine whether the principle is altered or in any way affected by our recent legislation on the rights and capacities of married women, notably the statute known as the Martin Act, Laws 1911, ch. 109, by which married women are practically constituted free traders as to all their ordinary dealings, as all the authorities here and elsewhere agree that the husband may confer upon the wife the right to her earnings, and when he has done so, these earnings are then properly regarded as her separate estate, which she is entitled to recover by action in her own name. *Price v. R. R.,* 160 N. C., 450; *Symme v. Riddle,* 88 N. C., 463; *Hinckly v. Phelps,* 84 Mass., 77; *Bowman v. Ashe,* 143 Ill., 649; 21 Cyc., pp. 1385-1395.

There was no necessity, therefore, that the husband should appear as a party, the evidence tending to show that he had conferred upon the wife, in this instance, the right to earnings acquired under the contract with her father. Revisal, sec. 408, subsec. 3. The matter, however, is of no especial moment, as the husband, in any event, is only a nominal party, and neither judgments nor arbitration proceedings with parties affecting him alone should be allowed to interfere with her rights to recover, if she has a good cause of action in her own name. *Walker v. Phil.,* 195 Pa. St., 168; *Beromo v. Lumber Co.,* 129 Cal., 232; *Kelly v. Hancock,* 75 Ala., 229; 23 Cyc., 1242; *Womack v. Esty,* 201 Mo., 467, reported, also, in 10 L. R. A. (N. S.), pp. 140-146.

Again, while services rendered by an adult child for a parent, or a parent for such a child, when living together as members of the same family, are presumed to be gratuitous, the presumption is a rebuttable one, and is overcome by proper proof that they were given and received in expectation of pay (*Winkler v. Killian,* 141 N. C., pp. 575 and 578), and such proof has been recognized as sufficient when the services are "performed by one person for another under an express or implied promise that compensation is to be provided for in the last will and testament of the recipient," and no such provision is made. *Whetstine v. Wilson,* 104 N. C., 385; *Miller v. Lash,* 85 N. C., 52. And the same principle should prevail where, as in this case, the evidence tends to show that the child provided and cared for an aged father for six years, with the understanding that he was to leave her all of his property, and, before death, he has disabled himself from performance by conveying to others substantial portions of it. In either case the facts in evidence tend to show that the services were given and received in expectation of pay, and the specific compensation agreed upon having become impossible by the voluntary act of the father, a right of action presently accrues, and the child may recover for the reasonable value of the service rendered. Clark on Contracts (2d Ed.), p. 448. And we are unable to see that the arbitration proceedings should conclude the *feme* plaintiff or in any way affect her rights. That was a proceeding entirely between her husband and her father, growing out of her husband's accounts and obligations as guardian of the father. According to the evidence, she was not a party to that investigation, and had neither submitted her claims to this arbitration nor authorized any one to submit them for her. It is well recognized that her being a witness before the arbitrators does not have such effect. *LeRoy v. Steamboat Co.,* 165 N. C., 109; Freeman on Judgments, sec. 189; Bigelow on Estoppel (5th Ed.), p. 135.

She is not, therefore, directly affected, and we do not find anything in her speech or conduct which calls for or permits the application of the principle of an estoppel *in pais.* The estate has not been damaged nor have its representatives been in any way misled to their pecuniary injury by anything she has said or done in the matter. *LeRoy v. Steamboat Co., supra; Boddie v. Bond,* 154 N. C., 359, and 158 N. C., pp. 204 and 206.

From a perusal of the proceedings, it will appear that on the hearing before the arbitrators the husband represented that his wife had made a claim of him, as guardian, for $1,117.50, for services rendered the father, of which he had paid $586.52, and asked that this amount be allowed him as a voucher on his account as guardian. The arbitrators heard the testimony and only allowed him $196.65, and his wife returned to the husband the balance of the payment. This account should be deducted from her present claim, not because she is barred by the action of the arbitra-

tors, but because she has received that much on account. In addition, there is no mutuality of stake or obligation between the real party in interest in this action, the *feme* plaintiff, and the defendants, in reference to this award. Not being a party, if the arbitrators had allowed her claim, she could not have enforced it, and no more should she be concluded. It is perhaps the controlling feature in the law of estoppel, and, on the facts in evidence as they now appear, we are of opinion that the interests of *feme* plaintiff are not affected by the action of the arbitrators, and she is entitled to have her claim submitted to the jury.

Reversed.

CLARK, C. J., concurring: The General Assembly has by express enactment recognized and prescribed that married women are entitled to their own earnings. Laws 1913, ch. 13, provides: "The earnings of a married woman by virtue of any contract for her personal service, and any damage for personal injuries, or other torts sustained by her, can be recovered by her suing alone, and such earnings or recovery shall be her sole and separate property as fully as if she had remained unmarried."

This seems to have been clearly provided by the Constitution, Art. X, sec. 6, which provides: "The real and personal property of any female in this State, acquired before marriage, and all property, real and personal, to which he may, after marriage, become *in any manner entitled,* shall be and remain the sole and separate estate and property of such female." But it being thought that *Price v. Electric Co.,* 160 N. C., 450, filed 20 November, 1912, threw some doubt upon the proposition, the General Assembly very promptly after it convened passed as one of its first statutes chapter 13, Laws 1913, above set out, thus placing the matter beyond controversy.