PEARL STEWART (STUART) v. MAGGIE STEWART WYRICK ET AL.

(Filed 19 December, 1947.)

**1. Executors and Administrators § 15d: Wills § 4—**

Evidence that deceased's daughter-in-law performed personal services for him in reliance upon his parol agreement to leave her all of his property by will is sufficient to overrule a demurrer to the evidence in her action against his estate, the method, but not the right, of recovery being dependent upon whether the agreement is within or without the statute of frauds.

**2. Same: Frauds, Statute of, § 9—**

An agreement to devise realty is within the statute of frauds, and an agreement to bequeath personalty, *simpliciter*, is not.

**3. Executors and Administrators § 15d—**

Where personal services are rendered and are knowingly and voluntarily accepted, the law, ordinarily, will imply a promise to pay their reasonable worth; except where the person rendering the services is so related to the beneficiary that the services will be presumed to have been rendered in obedience to the obligation of kinship, and even in those instances, the presumption may be refuted by proof of an agreement to pay or of facts and circumstances permitting the inference that payment was intended on the one hand and expected on the other.

**4. Same—**

When personal services are rendered with the understanding that compensation is to be made in the will of the recipient, payment therefor does not become due until death, and the statutes of limitation do not begin to run until that time. Whether plaintiff, upon the beneficiary's becoming incompetent to execute a will, could have sued for anticipated breach of the contract, is not presented.

**5. Executors and Administrators § 15d: Frauds, Statute of, § 1—**

A parol contract to devise realty in consideration of personal services is unenforceable under the statute of frauds, but where the services have been rendered in reliance upon the promise to devise, the law substitutes in place of the unenforceable promise a valid promise to pay the reasonable worth of the services, and recovery may be had upon *quantum meruit*, the mainspring of the statute of frauds being to prevent frauds and not to promote them.

**6. Trial § 39—**

A verdict, both in civil and criminal cases, may be given significance and correctly interpreted by reference to the pleadings, the facts in evidence, admissions of the parties, and the charge of the court.

**7. Trial § 37: Executors and Administrators § 15d—**

In an action to recover for personal services rendered deceased in reliance upon his verbal agreement to devise realty, the submission of the

issue of damages in the form of the amount plaintiff is entitled to recover for "breach" of the contract, while incorrect, will not be held for reversible error when it appears the court instructed the jury to answer the issue in the amount they found the services reasonably to be worth, and the verdict indicates no misunderstanding on the part of the jury.

APPEAL by defendant from *Parker, J.,* at May Term, 1947, of ALAMANCE.

Civil action to recover for services rendered by plaintiff to J. G. Stewart during the last 20 or 25 years of his life, it being alleged that "the said J. G. Stewart proposed to, and agreed with, this plaintiff that he would pay her for all of her said services to be rendered and for all funds advanced by her in his behalf (in purchasing their home and) for his support, by willing to her, to take effect at his death, all (of said properties so purchased and all other) property which he owned at his death."

There is ample evidence to show the contract as alleged. Plaintiff's eldest son says "he told her in my presence that he would will her everything he had if she would stay there and take care of him." Another son testifies: "I heard him say at least sixty times that he was going to let mama have everything he had." Plaintiff's husband, who is a son of J. G. Stewart, gave testimony as follows: "I heard my father say, time and time again, if my wife would stay and take care of him and look after him, he would give her everything he had and see that she had it at his death." Indeed, J. G. Stewart made a will devising and bequeathing all of his property to the plaintiff, but this was burned in a fire which destroyed their home—later rebuilt. He died intestate on 4 January, 1944, at the age of 83. At that time he owned a farm worth between $8,000 and $10,000, and personal property amounting to $50 and 13 cents in cash.

It is further in evidence that plaintiff performed her part of the contract, and rendered valuable services to the deceased during the latter part of his life—some of an onerous and menial character.

Upon the denial of liability and issues joined, the jury returned the following verdict:

"1. Did the defendant's intestate J. G. Stewart, during his lifetime, enter into a contract and agreement with the plaintiff, Mrs. Pearl Stewart, as alleged in the complaint? Answer: Yes.

"2. If so, did the plaintiff, Mrs. Pearl Stewart, render services to said J. G. Stewart in good faith, relying on a contract and agreement with him, as alleged in the complaint? Answer: Yes.

"3. If so, did the defendant's intestate J. G. Stewart breach said contract, as alleged in the complaint? Answer: Yes.

"4. Is plaintiff's action barred by the three-year statute of limitations, as alleged in the answer? Answer: No.

"5. Is plaintiff's action barred by the ten-year statute of limitations, as alleged in the answer? Answer: No.

"6. What amount, if any, is the plaintiff entitled to recover of the defendant on account of the breach of said contract? Answer: $3,500."

The court instructed the jury that if they came to answer the 6th issue, they would "answer the amount in dollars and cents that you find from the evidence . . . the services rendered by the plaintiff to J. G. Stewart were reasonably worth."

On the 4th and 5th issues, addressed to the three and ten years statutes of limitation, negative answers were directed, if the jury found the facts to be true as shown by all the evidence.

Judgment was entered on the verdict for the plaintiff, from which the defendant appeals, assigning errors.

*Long & Long for plaintiff, appellee.*
*Thomas C. Carter and John H. Vernon for defendant, appellant.*

STACY, C. J.    The appeal poses the questions whether the case as made survives the demurrer, repels the plea of the statutes of limitation and withstands the challenge to the correctness of the trial.

First, the demurrer to the evidence: When services are performed by one person for another under an agreement or mutual understanding (fairly to be inferred from their conduct, declarations and attendant circumstances) that compensation therefor is to be provided in the will of the person receiving the benefit of such services, and the latter dies intestate or fails to make such provision, a cause of action accrues in favor of the person rendering the services. *Lipe v. Trust Co.*, 207 N. C., 794, 178 S. E., 665; *Grantham v. Grantham*, 205 N. C., 363, 171 S. E., 331; *Whetstine v. Wilson*, 104 N. C., 385, 10 S. E., 471; *Miller v. Lash*, 85 N. C., 52.

The method of enforcing such claim may depend upon whether it is within or without the statute of frauds. An agreement to devise real estate is within the statute. *Daughtry v. Daughtry*, 223 N. C., 528, 27 S. E. (2d), 446; *Price v. Askins*, 212 N. C., 583, 194 S. E., 824. A contract to bequeath personal property, *simpliciter*, is not. *Neal v. Trust Co.*, 224 N. C., 103, 29 S. E. (2d), 206.

In the instant case, the evidence fully justifies the finding of the jury that plaintiff rendered valuable services to her father-in-law under an agreement or mutual understanding that she would be compensated therefor in his will. Indeed, in support of the finding, it may be noted that "where services are rendered by one person for another, which are

knowingly and voluntarily accepted, without more, the law presumes that such services are given and received in expectation of being paid for, and will imply a promise to pay what they are reasonably worth." *Winkler v. Killian,* 141 N. C., 575, 54 S. E., 540; *Patterson v. Franklin,* 168 N. C., 75, 84 S. E., 18; *Ray v. Robinson,* 216 N. C., 430, 5 S. E. (2d), 127. True it is, that in certain family relationships, services performed by one member of the family for another, are presumed to have been rendered in obedience to an obligation of kinship with no thought of compensation. *Francis v. Francis,* 223 N. C., 401, 26 S. E. (2d), 907. Nevertheless, this is a presumption which may be overcome by proof of an agreement to pay or of facts and circumstances permitting the inference that payment was intended on the one hand and expected on the other. *Nesbitt v. Donoho,* 198 N. C., 147, 150 S. E., 875; *Brown v. Williams,* 196 N. C., 247, 145 S. E., 233.

The agreement here, however, is to devise real estate; it rests only in parol, and is not subject to specific enforcement. *Dunn v. Brewer,* 228 N. C., 43; *Coley v. Dalrymple,* 225 N. C., 67, 33 S. E. (2d), 477.

Second, the plea of the statutes of limitation: When personal services are rendered with the understanding that compensation is to be made in the will of the recipient, payment therefor does not become due until death, and the statutes of limitation do not begin to run until that time. *Helsabeck v. Doub,* 167 N. C., 205, 83 S. E., 241; *Freeman v. Brown,* 151 N. C., 111, 65 S. E., 743; *Miller v. Lash, supra.*

Whether the plaintiff might have sued for anticipatory breach when J. G. Stewart became incompetent to execute a will, and thus reduce the services thereafter rendered to a purely *quantum meruit* basis, is not presented by the appeal. *Patterson v. Franklin, supra; Einolf v. Thompson,* 95 Minn., 230, 103 N. W., 1026.

Third, the measure of recovery: As the contract between plaintiff and her father-in-law rests in parol and is not subject to specific enforcement, the plaintiff is entitled to recover only what her services were reasonably worth. *Grantham v. Grantham, supra.*

The contract being unenforceable under the statute of frauds, no recovery can be had upon it; no damages can be recovered on account of its breach for the same reason; and upon the same principle, the contract being unenforceable, the value of plaintiff's services cannot be concluded by its terms. *Faircloth v. Kenlaw,* 165 N. C., 228, 81 S. E., 299. In place of the unenforceable promise to devise real estate in consideration of services to be performed, the law substitutes the valid promise to pay their reasonable worth. Anno. 69 A. L. R., 95. The mainspring of the statute of frauds is to prevent frauds, not to promote them.

The form of the 6th issue, standing alone, might indicate a different basis of recovery. However, viewed in the light of the record, no serious

difficulty is encountered. It is the established rule with us, both in civil and criminal cases, that a verdict may be given significance and correctly interpreted by reference to the pleadings, the facts in evidence, admissions of the parties, and the charge of the court. *Reynolds v. Express Co.,* 172 N. C., 487, 90 S. E., 510; *S. v. Whitley,* 208 N. C., 661, 182 S. E., 338, and cases cited. As thus interpreted, we think the record should be resolved in favor of affirmance. The court instructed the jury to answer the 6th issue in whatever amount they found the plaintiff's services reasonably to be worth. This, the jury answered at much less than the value of the estate left by the deceased, which indicates no misunderstanding on the part of the jury.

A careful perusal of the entire record leaves us with the impression that the verdict and judgment should be upheld.

No error.