NINA JOYNER SPEIGHTS v. STEPHEN CARRAWAY, ADMINISTRATOR OF THE ESTATE OF JESSIE MAE BEASLEY, DECEASED.

(Filed 20 November, 1957)

1. **Executors and Administrators § 15d—**

Allegations and evidence to the effect that plaintiff performed personal services and advanced funds for the care of defendant's intestate in reliance upon intestate's promise to pay for same by willing to plaintiff all of the intestate's property, and that intestate breached the agreement by failing to will plaintiff any property, are sufficient to overrule nonsuit in plaintiff's action against the estate to recover the reasonable value of the services and the funds advanced.

2. **Same: Limitation of Actions § 5—**

Plaintiff's cause of action to recover for personal services rendered and funds advanced for the care of intestate in reliance upon intestate's promise to pay for same by willing property to plaintiff does not accrue until the death of intestate without having willed property to plaintiff, and the three-year statute can have no application when the action is commenced within three years of intestate's death.

3. **Appeal and Error § 38—**

Exceptions not set out in the brief, or in support of which no reason or argument is stated or authority cited, are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendant from *Moore, (Clifton L.), J.,* at May 1957 Civil Term, of LENOIR.

Civil action to recover on contract for services rendered by plaintiff to Jessie Mae Beasley, intestate of plaintiff, and for advancements made by plaintiff to and for said intestate.

Plaintiff alleges in her complaint, and upon the trial in Superior Court offered evidence tending to show substantially the following:

(1) That for several years prior to her death on 18 February, 1956, Jessie Mae Beasley, intestate of plaintiff, was afflicted with the disease of arthritis, which became acute about 1943, and she continued to suffer from it until her death;

(2) That for many years prior to the death of Jessie Mae Beasley, at her instance, plaintiff nursed and cared for her until her death, and paid for (a) all the repairs on the house, of which Jessie Mae Beasley was tenant in common with another, (b) all the furnishings and equipment which went into the house, (c) all food, clothing, and medicine for Jessie Mae Beasley, and (d) the doctors' bills;

(3) That Jessie Mae Beasley proposed to and agreed with plaintiff that she would pay her for all of her services to be rendered and for all funds advanced by plaintiff for her, to take effect at the death of Jessie Mae Beasley, by willing to plaintiff all of her property, both real and personal, she owned at her death;

(4) That plaintiff, relying upon the promises of Jessie Mae Beasley, entered into the performance of her duties under said contract and agreement, and continued to perform the same at all times so long as she, Jessie Mae Beasley, lived,—advancing approximately $2,000 on repairs to the house;

(5) That Jessie Mae Beasley failed to fulfill her part of the agreement in that she failed to execute a will or in any way to pay the sums due by her to plaintiff.

Defendant aptly moved for judgment as of nonsuit. Motion was denied, and defendant excepted.

The case was submitted to the jury upon these issues which the jury answered as indicated:

"1. Did the plaintiff Nina Joyner Speights render services to Jessie Mae Beasley, or make repairs to Jessie Mae Beasley's home under a contract and agreement, express or implied, that Jessie Mae Beasley would compensate the plaintiff Nina Joyner Speights therefor, as alleged in the complaint? Answer: Yes.

"2. Did the said Jessie Mae Beasley breach said contract on her part? Answer: Yes.

"3. In what amount, if any, is the estate of Jessie Mae Beasley indebted to the plaintiff Nina Joyner Speights on account of the matters and things alleged in the complaint? Answer: $4500.00."

Defendant moved to set aside the verdict as contrary to the evidence, and for error committed in the trial. Motion denied—

defendant excepts. And to the signing and entry of judgment defendant excepts and in open court gives notice of appeal and appeals to Supreme Court, and assigns error.

*White & Aycock, Harvey W. Marcus, for plaintiff appellee.*
*Harvey E. Beech, Taylor & Mitchell, for defendant appellant.*

WINBORNE, C. J.: On this appeal defendant challenges the correctness of judgment from which appeal is taken on several grounds.

First: It is contended that the trial judge erred in overruling defendant's motion for judgment as of nonsuit. However, taking the evidence in the light most favorable to plaintiff, giving to her the benefit of every reasonable inference, it is sufficient to take the case to the jury and to support the verdict rendered. *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d, 764; *Dills v. Cornwell,* 238 N.C. 435, 78 S.E. 2d, 167.

In the Wyrick case, *supra,* this Court in opinion by Stacy, C. J., in respect to demurrer to the evidence, declared: "When services are performed by one person for another under an agreement or mutual understanding (fairly to be inferred from their conduct, declarations and attendant circumstances) that compensation therefor is to be provided in the will of the person receiving the benefit of such services, and the latter dies intestate or fails to make such provision, a cause of action accrues in favor of the person rendering the services," citing cases. And the Court goes on to elaborate on the method of enforcing such claim. What is said there is appropriate and applicable to factual situation in hand, and need not be repeated.

Second: It is contended that the trial judge erred in declining to submit an issue tendered by defendant pertaining to the three-year statute of limitations as alleged in the answer, and to charge the jury in respect thereto. In this connection, "When personal services are rendered with the understanding that compensation is to be made in the will of the recipient, payment therefor does not become due until death, and the statutes of limitations do not begin to run until that time." *Stewart v. Wyrick, supra,* and cases cited. Indeed, under like circumstances, it follows that payment for advancements made would not become due until death of the recipient of the advancements. Hence the court properly declined to submit the issue, and instructions on the subject would have been inappropriate.

Lastly, the matters to which other assignments of error are directed fail to show error sufficient to justify disturbing the verdict of the jury.

Other exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, are taken as abandoned by him. Rule 28 of Rules of Practice in the Supreme Court, 221 N.C. 544, at page 562-3.

In the judgment below, there is

No Error.