EVELYN C. DIXON v. BANK OF WASHINGTON, ADMINISTRATOR OF THE ESTATE OF DAVID CLARK, DECEASED.

(Filed 22 September, 1965.)

**1. Limitation of Actions § 16—**

A denial of allegations constituting the basis of plaintiff's cause of action is a sufficient pleading of the statute of frauds.

**2. Executors and Administrators § 24a—**

Allegations to the effect that plaintiff rendered personal services to decedent, that she received no compensation therefor, but that she undertook and continued the services "upon the understanding" that intestate would recompense her by will should he predecease her, *held* sufficient, liberally

construed and considered in context, to allege a mutual understanding and not merely a unilateral understanding on plaintiff's part.

**3. Pleadings § 12—**

   Allegations in the complaint must be liberally construed with a view to substantial justice between the parties, giving the pleader every reasonable intendment in his favor. G.S. 1-151.

**4. Executors and Administrators § 14a—**

   Plaintiff's evidence in this case *held* sufficient to sustain a finding that plaintiff rendered, and intestate received, personal services under the mutual understanding that plaintiff would be compensated therefor by will.

**5. Executors and Administrators § 24b—**

   Where there is allegation and evidence that plaintiff rendered services to intestate under agreement that she would be compensated therefor by will, plaintiff's cause of action does not arise until the death of intestate without making testamentary provision as agreed, and therefore plaintiff's recovery is not limited to the three years preceding intestate's death.

APPEAL by defendant from *Fountain, J.,* April 1965 Civil Session of BEAUFORT.

Plaintiff's action is to recover compensation for personal services she rendered her uncle, David Clark, from 1955 until his death, intestate, on May 30, 1963.

After hearing evidence offered by plaintiff and by defendant, the court submitted the following issues: "1. Did the intestate, David Clark, enter into an agreement with the plaintiff as alleged in the complaint? 2. If so, did the plaintiff render services to David Clark in accord with the agreement as alleged in the complaint? 3. What is the reasonable value of the services rendered David Clark by the plaintiff?"

The jury answered the first and second issues, "Yes," and the third issue, "$15.00 per week, $6,240.00." Judgment for plaintiff, in accordance with the verdict, was entered. Defendant appealed.

*John A. Wilkinson and James R. Vosburgh for plaintiff appellee.*
*Carter & Ross and L. E. Mercer for defendant appellant.*

BOBBITT, J. The only exceptions brought forward in appellant's brief challenge the sufficiency of plaintiff's allegations and evidence to support a recovery for services rendered by plaintiff to David Clark *more than three years* prior to his death.

Decision requires that plaintiff's allegations and evidence be considered in relation to the well-established legal principles stated below.

"When services are performed by one person for another under an agreement or mutual understanding (fairly to be inferred from their

conduct, declarations and attendant circumstances) that compensation therefor is to be provided in the will of the person receiving the benefit of such services, and the latter dies intestate or fails to make such provision, a cause of action accrues in favor of the person rendering the services." *Stewart v. Wyrick,* 228 N.C. 429, 431, 45 S.E. 2d 764, and cases cited; *Speights v. Carraway,* 247 N.C. 220, 222, 100 S.E. 2d 339.

"The remedy of the promisee who has rendered personal services in consideration of an oral contract to devise real estate void under the statute of frauds is an action on implied *assumpsit* or *quantum meruit* for the value of the services rendered." *Pickelsimer v. Pickelsimer,* 257 N.C. 696, 699, 127 S.E. 2d 557, and cases cited.

"When personal services are rendered with the understanding that compensation is to be made in the will of the recipient, payment therefor does not become due until death, and the statutes of limitation do not begin to run until that time." *Stewart v. Wyrick, supra,* p. 432; *Doub v. Hauser,* 256 N.C. 331, 337, 123 S.E. 2d 821.

While there are contradictions in the evidence as to their extent and value, there is plenary evidence plaintiff rendered personal services to David Clark, including washing, ironing, cooking and nursing, from 1955 until his death, intestate, on May 30, 1963, at the age of 79. Plaintiff alleged the services she rendered were reasonably worth a total of $14,820.00 based on $30.00 per week from September 1955 to May 1960 and on $50 per week from May 1960 until David Clark's death.

After alleging she rendered such services from August 1955 to May 30, 1963, plaintiff continued: "That for these services she received no compensation, but that she undertook and continued them *upon the understanding* that her uncle, who had never married and had no children, would recompense her *by will* should he predecease her, which in view of the difference in ages and his condition was extremely probable." (Our italics.) The allegations of paragraph 6 of the complaint, which include those quoted above, were denied by defendant. Such denial is a sufficient plea of the statute of frauds. *Pickelsimer v. Pickelsimer, supra,* p. 699, and cases cited.

Defendant contends the quoted allegation "is an entirely insufficient declaration of a specific contract." It would construe the expression, "upon the understanding," as limited to plaintiff's unilateral understanding rather than as a mutual understanding or agreement between plaintiff and David Clark. However, we are required to construe plaintiff's allegations liberally, "with a view to substantial justice between the parties," G.S. 1-151, and "contrary to the common-law rule, every reasonable intendment is to be made in favor of the pleader." *Joyner v. Woodard,* 201 N.C. 315, 317, 160 S.E. 288; 3 Strong, N. C. Index,

Pleadings § 12, p. 624. When considered in context, it is our opinion, and we so hold, that the quoted allegations are sufficient to allege a mutual understanding or agreement that plaintiff was to be compensated by will for the services she rendered David Clark. Plaintiff so intended, the trial judge so understood and defendant was not misled.

Plaintiff alleged generally that David Clark agreed to compensate her by will. Her evidence tends to show the manner in which he agreed to compensate her. The testimony of plaintiff's mother tends to show that, as compensation for plaintiff's services, David Clark, in the presence of plaintiff, promised and agreed (in 1955 and several times thereafter) that "he would make her in his will his little old farm down here, . . . all he had . . ." This and other testimony, when considered in the light most favorable to plaintiff, was sufficient to sustain a finding that plaintiff and David Clark entered into the alleged agreement.

It may be conceded there was ground for defendant's contention that there was no agreement but a unilateral expression by David Clark of his appreciation of plaintiff's kindness to him and of his then intention concerning his disposition of "his little old farm." Compare *Johnson v. Sanders,* 260 N.C. 291, 132 S.E. 2d 582. However, the jury, after the court had reviewed the respective contentions, resolved the issues in favor of plaintiff.

For the reasons stated, the verdict and judgment will not be disturbed.

No error.