DAVID S. CRAWFORD v. G. L. D. McLELLAN.

*Pleading—Statute of Presumptions and Limitations.*

1. The complaint alleged that a certain sum, with interest from June 1860, was due the plaintiff on a bond; the answer alleged that the complaint was untrue, for that, more than ten years had elapsed before suit brought; and the only proof offered was the bond sued on, the execution of which was admitted; *Held*, that the answer set up a valid defence in a legal way, and defendant was entitled to have the jury instructed that a presumption of payment had arisen.

2. The statute of limitations has no application to bonds due before the adoption of the Code of Civil Procedure.

CIVIL ACTION tried at Spring Term, 1882, of CHEROKEE Superior Court, before *Gilliam, J.*

The plaintiff commenced this action on the 11th of October, 1881, to recover the sum of $981.37 alleged to be due him from the defendant upon a bond given on the 20th of June, 1860, and payable one day after date. After averring the execution and delivery to himself of the bond, he alleges in the second article of the complaint, "that the said sum of $981.37, with the interest from June 21st, 1860, is now due to the plaintiff on said bond," and demands judgment for the same.

The answer admits the execution of the bond but alleges:

1. That the second article of the complaint is untrue, in this, that more than ten years have elapsed before the commencement of this action.

2. That the action is barred by the statute of limitations.

3. That the statute of limitations is pleaded in bar of the plaintiff's recovery.

On the trial the only proof offered was the bond sued on, which was read to the jury; and thereupon the defendant's counsel requested the judge to instruct the jury that a presumption of payment had arisen, and they should therefore find in favor of the defendant. This instruction was refused. Verdict for plaintiff, judgment, appeal of defendant.

*Messrs. Merrimon* and *Fuller,* for plaintiff.
*Messrs. Battle & Mordecai,* for defendant.

RUFFIN, J.   The second and third defences set up in this action are of course wide of the mark, since, as to bonds due before the adoption of the Code, the statute of limitations has no application, but only the statute of presumptions of 1826.

We cannot, however, concur with His Honor in thinking the allegations of the second article to be insufficient to raise an issue proper to be submitted to the jury.

Under the Code, it is the facts of the case, whether relat-

CRAWFORD *v.* MCLELLAN.

ing to the plaintiff's cause of action or to the defence, and not conclusions of law, that must appear in the pleadings; and the only requirement is, that they shall be properly arranged and stated with such precision as if proved will enable the court to proceed to judgment thereon.

The law itself declares that a presumption of payment or satisfaction on all contracts, shall arise within ten years after the right of action thereon shall have accrued; and since it can never be necessary to allege more than it is necessary to prove, nothing beyond an averment of the lapse of that period of time, can be needed to state a valid legal defence thereto, for if true, then the consequence follows as a legal intendnent.

It is true, the defendant might have had the benefit of the same statutory presumption under the allegation that the plaintiff's demand has been paid, but really, it would seem, that such a mode of pleading is less in keeping with the spirit of the Code, than the one adopted in the answer, and less calculated to give that notice of the real defence relied on, which it should be the object of every well devised system of pleading to secure.

We think, therefore, that the defendant's answer set forth a valid defence in a legal way, and as the proofs correspond with the allegations contained therein, he was entitled to the instructions asked for at the hands of the court; and because of the failure to give them, he is entitled to a *venire de novo*.

Error. *Venire de novo.*