POPE & McLEOD v. JAMES ANDREWS.

*Statute of Limitations—Letter—Evidence—Written acknowledgment of debt.*

1. The plea of the statute of limitations should set out the *facts* upon which the defence is grounded. An averment that a demand is barred, is but stating a conclusion of law.

2. Where a suit had already been commenced to recover an amount alleged to be due upon an account, and the defendant set up the statutory bar as a defence, but wrote a letter to the plaintiff's attorney stating that, if he

would take five hundred dollars in satisfaction, judgment might go against him at court; *Held,* that the letter is an admission and assumption of the debt to the specified amount ($500), and operates to remove the bar to the recovery of the same.

(*Moore* v. *Hobbs,* 79 N. C., 535; *Boyden* v. *Achenbach, Ib.,* 539; *Humble* v. *Mebane,* 89 N. C., 410; *Falls* v. *Sherrill,* 2 Dev. & Bat., 371; *McCurry* v. *McKesson,* 4 Jones, 510, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of Robeson Superior Court, before *MacRae, J.*

Judgment for plaintiffs; appeal by defendant.

*Messrs. Rowland & McLean,* for plaintiffs.
*Messrs. T. A. McNeill* and *Frank McNeill,* for defendant.

SMITH, C. J.   The plaintiffs sue upon an account made up from a series of items contracted during the period from May 31st, 1877, to April 10th, 1880, and in their complaint demand the lesser sum of five hundred dollars.   The answer denies the indebtedness altogether, and the defendant says: "For a further defence the defendant says that plaintiffs' alleged cause of action is barred by the statute of limitations."

Two issues were submitted to the jury, the first in respect to the indebtedness, to which an affirmative response is rendered, and the second interrogatory, in the form in which the answer sets up the defence under the statute, to which a negative response is returned.

Upon the trial, besides evidence to prove the indebtedness and the defendant's liability therefor, the plaintiffs introduced, for the double purpose of showing an admission of the sum demanded and of removing the statutory bar, and read in evidence a letter from the defendant addressed to the plaintiffs' attorneys in whose hands the claim had been placed, and bearing date April 13th, 1882, three days after the action had been instituted, as follows:

APRIL 13th, 1882.

Messrs. ROWLAND & McLEAN, Dear Sirs: You will please allow my son Nathan the 39 acres I let him have, in addition to

what you have got in the complaint: and in order to settle the Pope & McLeod account against me which you have for collection, if you will take five hundred dollars in satisfaction of it, you can take judgment against me for that amount, and have it entered up court week, so I will not have to come to court.

(Signed)      JAMES ANDREWS.

*Witness:* Nathan D. Andrews."

This letter was carried by the subscribing witness, Nathan D. Andrews, a son of the defendant, to the attorneys, and he further testified that he told his father that he had been informed by the plaintiff McLeod that the firm had brought suit on an account for $662 and some cents, and witness asked if they would accept $500 in settlement, and they had so agreed; that he thereupon asked the defendant if he would sign an agreement to pay $500, and defendant answered he could not pay it at once, it would ruin him; and witness said that McLeod had told him that defendant could have his own time to pay it in. Witness further testified that when he delivered the letter to the plaintiff McLeod the proposition was accepted for the firm.

This testimony, as well as the admission of the letter in evidence was objected to, but the exception is not pressed, and we see no ground upon which the ruling can be impeached. The only exception needful to be considered is to the charge of the court in reference to the second issue. The instruction is:

"If the jury believe that James Andrews agreed in writing on the 13th day of April, 1882, to submit to a judgment for five hundred dollars, which offer was accepted by the plaintiffs, their cause of action is not barred by the statute of limitations, that is, if the defendant was originally indebted on the account to the plaintiffs. If he owed nothing, then his offer to permit judgment for five hundred dollars to be entered against him was without consideration and void."

We have before averted to this insufficient manner of setting up the effect of the lapse of time as an impediment to the suit.

The averment that the demand is barred by the statute is but stating a conclusion of law, and not the facts from which it is deduced. This is neither in conformity to the former nor the present mode of pleading the defence. As the complaint must contain a statement of the facts out of which the action springs, as held in *Moore* v. *Hobbs*, 79 N. C., 535, there would seem to be the same reason for requiring the answer to state those upon which the defence depends. *Boyden* v. *Achenbach*, 79 N. C., 539; *Humble* v. *Mebane*, 89 N. C., 410.

But as no exception is taken and the jury have passed upon the issue, we proceed to examine the exception to the charge upon this point.

The argument here is that the acceptance of the offer contained in the letter is an extinguishment of the pre-existing cause of action, and constitutes itself a new one in its place; and the present suit, preceding it, cannot be maintained. If this were so, there could be no breach until the defendant interposed and prevented the rendition of judgment, for this was the assumed undertaking of the defendant.

But the case does not present this aspect. The proposition is to settle *the claim* in the hands of the attorneys, and then in suit, by submitting to a judgment for the sum mentioned, and is a plain and manifest acknowledgment of liability for it, and *pro tanto* displacing the statutory bar to the claim. The statute, C. C. P., §51, which declares that no acknowledgment or promise shall be received as evidence of a new or continuing contract whereby, &c., is a virtual affirmation of the sufficiency of such acknowledgment or promise when in writing, to repel the statute and *continue in force the preceding obligation of the contract*, and such is the effect ascribed to the defendant's communication and offer. This retroactive operation of a new promise upon the former contract is decided in *Falls* v. *Sherrill*, 2 Dev. & Bat., 371.

The requirement of the rule which restores vitality to a promise and repels the statute, is, that it " must be a promise," in the

words of BATTLE, J., " to pay the debt sued on, either express or implied, and the terms used must be certain in themselves, or must have sufficient certainty to give a distinct cause of action by aid of the maxim " *id certum est quod certum potest reddi.*" *McCurry* v. *McKesson,* 4 Jones, 510. The letter is a distinct admission of the debt and an assumption of it to the specified amount. It was, therefore, operative in removing the statutory bar to so much of the original demand then in action.

The exceptions to the evidence are untenable, and indeed have not been pressed upon the hearing in this court.

We have not considered the effect of a part payment on the account in the delivery of cotton in the fall of 1879, under the last clause of section 51 as a recognition of liability, since in the view we have taken it is unnecessary to do so.

It must be declared there is no error. Let the judgment be affirmed.

No error. Affirmed.