L. C. LASSITER et al. v. CALEB ROPER et al.

*Pleading—Statute of Limitations, defective plea of.*

1. Under *The Code*, as well as at common law, the facts constituting a cause of action or defence must be plainly set forth in the pleading.

2. A plea of the statute of limitations which contains no facts whatever, and which refers to no facts in the other parts of the pleading which lend any aid to the plea and from which any legal conclusions can be deduced, is defective.

CIVIL ACTION, tried at January Special Term, 1894, of PASQUOTANK Superior Court, before *Brown, J.,* and a jury.

The action was against the defendant Caleb Roper, administrator of H. E. Lassiter, and the other defendants as his sureties, for a breach of the administration bond.

The defendants in their answer, after denying the allegations of the complaint as to the breach of the bond, alleged as follows:

"That since the final account and settlement of said estate and the institution of this suit the time elapsed is sufficient in law to bar a recovery against these defendants or either of them, and they and each one of them pleads the statute of limitations in bar of plaintiffs' recovery in this action."

The following issues were submitted to the jury:

" 1. Is defendant Roper, as administrator of H. E. Lassiter, indebted to plaintiffs, and if so, in what sum?

" 2. Is the cause of action as to said Caleb Roper barred by the statute of limitations?

" 3. Is the cause of action as to said defendants, Henry Roper and T. D. Pendleton, sureties on the administration bond, barred by the statute of limitations?"

The plaintiffs objected to issues two and three, relating

to the statute of limitations, upon the ground that they were not relevant and proper under the pleadings.

The defendants asked to amend their answer so as to plead the statute of limitations if it was not already properly pleaded. This the Court refused, and defendants excepted.

The Court submitted the issues objected to, but reserved the right to set aside the verdict as to these and strike out the issues if he should hold with the plaintiffs.

The jury responded to the first issue, " Seventy-nine dollars and sixty cents and interest from February 3, 1884." To the second " No," and to the third " Yes."

The Court, before judgment was signed, set aside the verdict as to the issues objected to and withdrew them ; to which defendants excepted, and upon judgment being rendered against all the defendants the defendants excepted and appealed.

· *Messrs. Grandy & Aydlett*, for defendants (appellants).
No counsel *contra.*

SHEPHERD, C. J.: In *Bayard* v. *Malcolm*, a case reported in 1 Johnson, 453, Chief Justice KENT remarked: " I entertain a decided opinion that the established principles of pleading, which compose what is called its science, are rational, concise, luminous and admirably adapted to the investigation of truth, and ought consequently to be very carefully touched by the hand of innovation." It was but in keeping with the spirit of these views that our present system of civil procedure was framed and enacted, and we find this Court very shortly after its adoption repudiating the idea that loose and uncertain pleading would be tolerated.

In *Crump* v. *Mims,* 64 N. C., 767, the Court said: " We

take occasion here to suggest to pleaders that the rules of
common law as to the pleading, which are only the rules
of logic, have not been abolished by *The Code*." In *Parsley* v. *Nicholson*, 65 N. C., 210, it was said : "The rules of
pleading at common law have not been abrogated. The
essential principles still remain, and have only been modified as to technicalities and matters of form." In *Oates v.
Gray*, 66 N. C., 442, it was said that the object of *The Code*
was "to abolish the different forms of action and the technical and artificial modes of pleading used at common law,
but not dispense with the certainty, regularity and uniformity which are essential in every system adopted for
the administration of justice." After other decisions to
the same effect it again became necessary, as it now is, to
emphasize these early declarations of the Court, and it was
therefore remarked in *Vass* v. *Building and Loan Association*,
91 N. C., 55, that "It was a false notion entertained by
some of the legal profession that the Code of Civil Procedure is without order or certainty, and that any pleading,
however loose and irregular, may be upheld; on the contrary, while it is not perfect, it has both logical order, precision and certainty, when it is properly observed. Bad
practice, too often tolerated and encouraged by the Courts,
brings about confusion and unjust complaints against it."
It is hardly necessary to say that it was one of the elementary principles of the common law pleading that "*facts*
only are to be stated and not arguments or inferences or
matters of law" (1 Chitty Pl., 214), and that it is still
essential to state the facts (which, indeed, is the chief office
of pleading) is apparent from the explicit language of
*The Code*, §§233–243, which provides that "there must
be a plain, concise statement of the facts constituting a
cause of action," and the same rule of course applies to a
defence set up in the answer. *Rountree* v. *Robinson*, 98
N. C., 107.

LASSITER *v.* ROPER.

In accordance with the foregoing principles the Court held that a complaint "which merely states a conclusion of law (that is, that the defendant is indebted to the plaintiff, and that the debt has not been paid) is demurrable both at common law and under *The Code.*" *Moore* v. *Hobbs,* 79 N. C., 535. So in *Rountree* v. *Robinson, supra,* in which the defendant pleaded that "the bond was executed by this defendant to the said R. H. Rountree for an illegal and usurious consideration," it was held that the plea was bad because it did not set forth the facts constituting the defence of usury. In *Pope* v. *Andrews,* 90 N. C., 401, the plea that "the plaintiff's alleged cause of action is barred by the statute of limitations" was held bad. The Court said: "We have before adverted to this insufficient manner of setting up the effect of the lapse of time as an impediment to the suit. This averment that the demand is barred by the statute is but stating a conclusion of law, and not the facts from which it is deduced. This is neither in conformity to the former nor the present mode of pleading the defence." In *Humble* v. *Mebane,* 89 N. C., 410, the plea of the statute of limitations was held to be defective, "in that it failed to state when the cause of action accrued, and when the wards arrived at full age." See also, *Love* v. *Ingram,* 104 N. C., 600. In *Turner* v. *Shuffler,* 108 N. C., 642, the language of the answer was that the defendants "plead the statute of limitations of ten, seven, six and three years as prescribed in *The Code* to all said claims, and aver that they are unable to plead the same more definitely to each and all of said claims." This was held defective. The Court said: "This is clearly bad and insufficient pleading. The Court might, in its discretion, have allowed appropriate amendments, but it was not bound to do so, nor is the exercise of its discretion reversible here." In the case of *Pemberton* v. *Simmons,* 100 N. C., 316, cited by counsel for defendant,

LASSITER *v.* ROPER.

the defence was the presumption of payment under the
Revised Code, ch. 65, and the defective plea seems to have
been aided by a reference to "the whole of the pleadings."
Whatever may be the true ground of the judgment, it can-
not be considered as an authority against the principles laid
down in the unbroken line of decisions to which we have
referred, and especially in view of the more recent decision
of *Turner* v. *Shuffler, supra.*

It must be manifest that according to the above authori-
ties the plea in the present case is fatally defective.    The
plea is as follows: "That since the final account and set-
tlement of said estate and the institution of this suit the
time elapsed is sufficient in law to bar a recovery against
these defendants or either of them, and they and each of
them pleads the statute of limitations in bar of plaintiff's
recovery in this action."   This simply amounts to the plea
in *Pope* v. *Andrews, supra,* which was held to be defective.
It contains no facts whatever, but is a simple allegation of
law, and nothing more.    There are no facts in the other
parts of the answer which lend any aid to the plea, and
from which any legal conclusions can be deduced.    Indeed,
it is remarkable that there is but one date in the entire
pleading, and that is simply as to the death of the intes-
tate.    It would introduce inestimable uncertainty and con-
fusion and bring merited reproach upon our present method
of procedure were we to uphold the plea in this case.    It
is a very simple requirement of *The Code,* as well as the
common law, that the facts constituting a cause of action
or defence shall be plainly set forth.    This has not been
done by the defendants, and we are therefore of the opin-
ion that the ruling of his Honor must be

Affirmed.