## PIPES v. NORTH CAROLINA MICA MINERAL & LUMBER CO.

(Filed May 12, 1903.)

LIMITATIONS OF ACTIONS—*Statute of Limitations—Pleadings—Sufficiency—The Code, Sec. 138.*

An averment that more than three years have elapsed since the date of the alleged promise before the action was brought and the services rendered as alleged is a sufficient plea of the statute of limitations.

ACTION by C. S. Pipes against the North Carolina Mica Mineral & Lumber Company, heard by Judge *W. A. Hoke,* at October Term, 1902, of the Superior Court of McDOWELL County. From a judgment for the defendant, the plaintiff appealed.

*Justice & Pless,* for the plaintiff.
*P. J. Sinclair,* for the defendant.

CLARK, C. J. The only exception is as to the sufficiency of the plea of the statute of limitation which is as follows: "And for a further defense alleges. . . . . . Third, that more than three years have elapsed since the date of the alleged promise before this action was brought and the services rendered as alleged." His Honor properly held that this was sufficient without labelling the plea by adding thereto, as plaintiffs contend should have been done, the words "and therefore plead the statute of limitations in bar to this action."

The plaintiffs rely upon *Pope v. Andrews,* 90 N. C., 401; *Turner v. Shuffler,* 108 N. C., 642, and *Lassiter v. Roper,* 114 N. C., 18, but in those cases the defendant merely pleaded "the benefit of the statute of limitations" omitting the facts which the court held were the essential matter to be pleaded. Here the defendants pleaded "as a further defense, that three years had elapsed since the date of the alleged promise and before this action was brought", thus pleading the essential matter of fact and leaving out the allegation that therefore he was entitled to the benefit of the statute of limitations, which was a matter of law and need not be pleaded, and which when pleaded alone, without allegation of the facts was held in the above cases to be insufficient to set up the defense. "Under the Code it is the facts and not the conclusions of law which should be set out in the pleadings." *Crawford v. McLellan,* 87 N. C., 169. The statute of limitations must be set up by the answer (The Code, Sec. 138) but this has been sufficiently done by pleading as a defense the facts upon which the statute of limitations arises as a conclusion of law.

No Error.