CITIZENS NATIONAL BANK v. GASTON FARMERS' UNION WAREHOUSE COMPANY.

(Filed 29 November, 1916.)

**1. Reference—Pleas—Limitation of Actions.**

A plea of the statute of limitations is a plea in bar, and when pending the court cannot order a reference except by consent.

**2. Limitation of Actions—Pleas—Interpretation.**

The plea of the statute of limitations must sufficiently state the facts upon which it rests; and the courts in determining the sufficiency of the allegations will construe it liberally without requiring technical accuracy or precision.

**3. Same—Conversion.**

A plea of the statute of limitations to an action for conversion of personal property, that the defendant "expressly pleads the statute of limitations," and then alleges "more particularly" that the plaintiff for more than three years next prior to the commencement of the action had knowledge that the property had been sold, and received the proceeds of sale, though a plea in payment, is also a sufficient plea of the statute.

CIVIL ACTION tried before *Carter, J.,* at April Term, 1916, of GASTON.

This is an action to recover damages for a conversion of cotton, the plaintiff claiming under warehouse receipts issued by the defendants.

The defendants, after answering the different allegations of the complaint, filed the following plea as a part of its answer:

"For further answer and defense the defendant warehouse company expressly pleads the statute of limitation, laches and estoppel, alleging, more particularly, that for more than three years next before the beginning of this action and for more than a reasonable length of time the plaintiff bank had actual knowledge and repeated notice that the warehouse receipts sued upon in this action were valueless and should be surrendered to the defendant warehouse company for cancellation, the plaintiff having received proceeds from the sale of cotton evidenced thereby; that the plaintiff bank failed to make any proper demand within reasonable time after notice upon the said defendant warehouse company."

His Honor held that the statute of limitations was not sufficiently pleaded and ordered a reference over the objection of the defendant, who excepted and appealed.

*Mangum & Woltz* for plaintiff.
*S. J. Durham, Margaret Berry, E. R. Preston* for defendant.

ALLEN, J. The plea of the statute of limitations is a plea in bar, and the court cannot order a reference when such a plea is pending except by consent. *Duckworth v. Duckworth*, 144 N. C., 620; *Oldham v. Rieger*, 145 N. C., 260.

It is also true, as the plaintiff contends, that the plea is not good if it merely states that the party pleads the statute of limitations, and that he must go further and state the facts constituting the defense. *Pope v. Andrews*, 90 N. C., 401; *Turner v. Shuffler*, 108 N. C., 642; *Lassiter v. Roper*, 114 N. C., 17.

We must then examine the pleadings and see if the acts are sufficiently alleged, and when doing so we must keep in mind that a pleading is liberally construed, and "If it can be seen from its general scope that a party has a cause of action or defense, though imperfectly alleged, the fact that it has not been stated with technical accuracy or precision will not be so taken against him as to deprive him of it." *Blackmore v. Winders*, 144 N. C., 215; *Brewer v. Wynne*, 154 N. C., 471.

The action is to recover damages for the conversion of personal property, and the statute applicable is that of three years.

The defendant in its plea says it "expressly pleads the statute of limitation," and then alleges "more particularly" that for more than three years prior to the commencement of the action the plaintiff had actual knowledge that the cotton had been sold, and that it had received the proceeds of sale.

This may amount to a plea of payment, but it also contains all the facts constituting the defense of the statute of limitations, because if there was a conversion it took place prior to or at the time of the sale, and by fair intendment it is alleged that the sale was more than three years before the commencement of the action.

We are therefore of opinion that it was erroneous to order a reference with the plea of the defendant undisposed of.

Reversed.