MATTIE BYNUM v. THE FIDELITY BANK OF DURHAM, NORTH CARO-
LINA (LEON W. POWELL, ADMINISTRATOR OF THE ESTATE OF JOANNA
LEATHERS, DECEASED, SUBSTITUTED DEFENDANT).

(Filed 31 January, 1941.)

1. Gifts § 4—

In order to constitute a *donatio mortis causa* there must be an intention on the part of the donor to give the *res* to the donee, the gift must be made in contemplation of death from a present illness or immediate peril, and there must be an actual or constructive delivery of the *res* to the donee.

2. Same—

In an action to establish a *donatio mortis causa*, especially where the delivery is constructive and the declarations and acts relied upon to show such delivery are ambiguous, evidence tending to show motive for making

the gift, the relationship between the parties, the setting and the intention of the donor, and also the state of his health and the circumstances surrounding his death, is relevant and admissible if otherwise competent.

**3. Same: Pleadings § 29—**

In an action to establish a *donatio mortis causa*, allegations setting forth facts tending to show motive, the setting, the relationship between the parties, the intention of the donor, and the state of his health and the circumstances surrounding his death, are proper, and defendant administrator's motion to strike such allegations from the complaint is properly denied. C. S., 537.

**4. Courts § 2c—**

The Superior Court acquires jurisdiction of the entire controversy upon appeal from the clerk, and has the power to hear and determine all matters involved therein, and may set aside a previous order of the clerk and substitute therefor an order of its own without finding that the clerk had abused his discretion or committed error of law in signing the order, the clerk being but a part of the Superior Court. Michie's Code, 637, 460.

**5. Parties § 11—Superior Court, upon appeal, has power to make proper order for substitution or joinder of parties.**

This action was instituted against a bank to establish plaintiff's right to a deposit as a donee of a gift of the deposit *causa mortis*. The bank, after proper notice, filed petition, supported by proper affidavit, requesting that the administrator of the alleged donor be made a party and be substituted as the defendant, upon the bank's payment into court the amount of the deposit. The clerk granted the bank's petition over exception of plaintiff. Upon appeal to the Superior Court, the judge set aside the order of the clerk and entered an order that the bank should hold the funds in controversy until the termination of the litigation, and should remain a party, but that it should not be liable for any costs or expenses. *Held:* The Superior Court had jurisdiction to enter the order and the order protects all the litigants and does not prejudice the administrator, and his exception thereto cannot be sustained. Michie's Code, 460.

BARNHILL, J., dissenting.

STACY, C. J., and WINBORNE, J., concur in dissent.

APPEAL by defendant, Leon W. Powell, administrator of the estate of Joanna Leathers, deceased, from *Williams, J.,* at April Civil Term, 1940, of DURHAM. Affirmed.

The order and decree of the court below indicates the controversy and is as follows:

"This cause coming on to be heard before the undersigned Judge Presiding over the Superior Court of Durham County at the request of counsel for Leon W. Powell, Administrator of the Estate of Joanna Leathers, upon the appeal of the plaintiff duly taken from the order of the Clerk of the Superior Court of Durham County entered on the 4th day of April, 1940, at which hearing in the Superior Court both the plaintiff Mattie Bynum and the defendant The Fidelity Bank were

represented by their respective counsel, and Leon W. Powell, Administrator of the Estate of Joanna Leathers, appeared through his counsel and tendered a judgment dismissing said appeal which the undersigned declined to sign, to which ruling said defendant in apt time excepted, and both the Administrator and The Fidelity Bank having objected in open Court to the allowance of any change in the said order of the Clerk, and the Court, after hearing the evidence, the argument of counsel and the pleadings, is of the opinion and finds the following to be the facts:

"1. That this is an action brought by the plaintiff against the Fidelity Bank of Durham, North Carolina, by summons issued and complaint filed March 4, 1940, for the recovery of certain funds on deposit in said Bank at the time of the institution of this action in the sum of $10,218.10.

"2. That since the institution of this action Leon W. Powell has been appointed by the Clerk of the Superior Court of Durham County as Administrator of the Estate of Joanna Leathers, and duly qualified and entered upon his duties as Administrator and as such Administrator has without collusion with said Bank also made demand upon The Fidelity Bank, the defendant in this action, for the said funds which are the subject matter of this action prior to the expiration of time to file answer.

"3. That The Fidelity Bank has refused to pay said funds to the said Leon W. Powell, Administrator, and has also refused to pay said funds to Mattie Bynum, the plaintiff in this action.

"4. That The Fidelity Bank, the defendant in this action, on March 21, 1940, filed with the Clerk of the Superior Court of Durham County, under Section 460 of the Consolidated Statutes, a duly verified Petition and Application for Substitution of Party Defendant; that there was also filed therewith an affidavit of E. S. Booth, Vice President of The Fidelity Bank; that the said E. S. Booth, Vice President of The Fidelity Bank, in his said affidavit recited that the said Leon W. Powell, Administrator, was not a party to the said action; that he had made demand against The Fidelity Bank for the money sued for in the above entitled action without collusion with the said The Fidelity Bank, and that the amount of the said fund was $10,218.10, and that the said The Fidelity Bank, upon its verified petition, prayed that it be granted a hearing upon the said petition and application, and that the Court make an order substituting the said Leon W. Powell, Administrator, in its place as a defendant in said action, upon the payment by it into Court of the said sum of $10,218.10, and that it, the Bank, be thereupon discharged from liability on account of said sum to the plaintiff and also to the said Administrator; that a notice of the filing of said petition and of the hearing thereon was served upon the counsel for the plaintiff Mattie Bynum, and also upon the counsel for Leon W. Powell, Administrator; that the plaintiff Mattie Bynum in apt time filed an answer to this petition.

"5. That upon the hearing of the said petition of the said The Fidelity Bank, and its application for the substitution of Leon W. Powell, Administrator, as defendant in said action, the said W. H. Young, Clerk of the Superior Court, having before him the said petition of The Fidelity Bank and application for the substitution of Leon W. Powell, Administrator, as a party defendant, and after argument of counsel and in the presence of counsel for plaintiff and defendant in the above entitled action and in the presence of H. G. Hedrick and C. V. Jones, attorneys for Leon W. Powell, Administrator, who attended the said hearing in response to a notice duly served upon Leon W. Powell, Administrator, announced that he would grant the petition of The Fidelity Bank and substitute the said Leon W. Powell, Administrator, as party defendant upon the payment into Court of the said sum of $10,218.10, and duly made and entered an order to that effect; that the plaintiff Mattie Bynum in apt time tendered findings and duly excepted and appealed from the signing and entry of said order.

"6. That the defendant The Fidelity Bank, through its counsel, Jones Fuller, Esq., has stated in open Court that it claims no interest in the funds which are the subject matter of this controversy.

"7. That the Court is of the opinion that the *status quo* existing at the time of the death of Joanna Leathers and at the time of the institution of this action should be preserved in so far as possible until the determination of the issues in order that the rights of all the parties involved in this controversy may be fairly and justly protected and decided; that in order to do this The Fidelity Bank is a necessary and proper party defendant and should remain a party to these proceedings to the conclusion of this litigation, without liability, however, for any court costs or expenses, including attorneys' fees, by consent of plaintiff to be hereafter fixed by the Court in connection with the same, and said Bank should hold the funds in controversy in its possession until the termination of this litigation, in order that the same may be disbursed in accordance with such judgment as may be finally entered by the court.

"8. That Leon W. Powell, Administrator of the Estate of Joanna Leathers, is entitled to assert in this action such claim as he may have, if any, against the funds involved, and through his attorneys has made a motion to strike certain portions of the plaintiff's complaint, and has entered an appearance in this action.

"9. That the order heretofore entered by the Clerk of the Superior Court of Durham County on the 4th day of April, 1940, should be set aside to the end that this order may be entered.

"10. That pursuant to the signing of said judgment The Fidelity Bank paid to the Clerk of Superior Court the sum of $10,218.10.

"Now, Therefore, It Is Hereby Ordered, Considered, Adjudged and Decreed:

"(1) That the order of the Clerk of the Superior Court of Durham County heretofore entered on April 4, 1940, be, and the same is hereby set aside.

"(2) That the Fidelity Bank remain a party defendant to this proceeding pending the final determination of the issues involved; that the Clerk of the Superior Court of Durham County repay to the Fidelity Bank the sum of $10,218.10 without cost or deduction, and that said Bank retain in its possession, on interest, said funds in controversy until there has been a final determination of the issues involved in this action; that since The Fidelity Bank is claiming no interest in said funds it is hereby ordered that no court costs in this action be taxed against said Bank, and that by consent of plaintiff at the trial of this action in the Superior Court any expenses of the Bank, including its attorneys' fees, be deducted from said deposit and paid to said Bank; that said Bank is hereby allowed thirty (30) days from the date of the entry of this order in which to answer or otherwise plead to the complaint filed herein.

"(3) That Leon W. Powell, Administrator of the Estate of Joanna Leathers, be, and he is hereby allowed thirty (30) days from the date of this order in which to file pleadings setting forth any claim which he desires to assert against the funds in question in this controversy.

"(4) Leon W. Powell, Administrator of the Estate of Joanna Leathers, having notified the Court through his attorneys that he intended to appeal from the order overruling the motion to strike certain portions of the complaint, The Fidelity Bank is hereby allowed thirty (30) days from the final determination of any appeal from said order in which to file answer or other pleadings in this matter. This the 11th day of May, 1940. Clawson L. Williams, Judge Presiding."

To the signing of the foregoing order, and the rulings of his Honor as contained therein, and to his failure to find facts requested by counsel for defendant Leon W. Powell, Administrator, as set forth in the formal request filed in this cause and presented to his Honor prior to the entry of the foregoing order, the defendant, Leon W. Powell, administrator, excepted, assigned error, and appealed to the Supreme Court. The material exceptions and assignments of error and other material facts will be set forth in the opinion.

*Victor S. Bryant and F. C. Owen for plaintiff.*
*Hedrick & Hall and Claude V. Jones for appellant.*

CLARKSON, J. The record discloses that the Fidelity Bank of Durham, N. C., did not appeal from the order and decree of the court below. The

defendant Leon W. Powell, administrator of the estate of Joanna Leathers, deceased, alone appealed.

The first question involved, as stated by defendant Powell, administrator, is as follows: "1. Did the Court err in overruling substituted defendant's motions to strike from the complaint paragraphs 3 through 15, or any of them?" We think not.

Mattie Bynum, the plaintiff, brought this action against the Fidelity Bank of Durham, N. C., alleging a *donatio mortis causa,* made by Joanna Leathers to her in her last fatal illness and impending death, of some $10,166.85 in the said Fidelity Bank.

This motion of defendant Powell, administrator, is premised on the statute—N. C. Code, 1939 (Michie), sec. 537, which is as follows: "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted. When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."

Section 506 provides: "The complaint must contain: . . . (2) A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition; and each material allegation must be distinctly numbered."

The motion of defendant Powell, administrator, was made in apt time.

Section 535 is as follows: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties."

The action of plaintiff is bottomed on a *donatio mortis causa.* "A gift made by a person in sickness, who, apprehending his dissolution near, delivers, or causes to be delivered, to another the possession of any personal goods, to keep as his own in case of the donor's decease. 2 Bl. Comm., 514." Black's Law Dictionary, p. 612.

In *Thomas v. Houston,* 181 N. C., 92-3, is the following: "To constitute a gift *causa mortis* not only is an intentional transfer and actual or constructive delivery necessary, but it must be made in view of impending dissolution, or in contemplation of death from a present illness or some immediate peril. 12 R. C. L., 962; *Patterson v. Trust Co.,* 157 N. C., 13; *Newman v. Bost,* 122 N. C., 524; and *Wilson v. Featherston,* 122 N. C., 747. As very tersely and succinctly stated in *McCord v. McCord,* 77 Mo., 166: 'To constitute such a gift, it must be made in the last illness of the donor, or in contemplation and expectation of death. There must be a delivery of the subject by the donor, and it is "defeasible by reclamation, the contingency of survivorship, or delivery from peril."

(2 Kent. Com., 444.) It must be a delivery as a gift, and such a delivery, as in case of a gift *inter vivos,* would invest the donee with the title to the subject of the gift.' "

In 28 Corpus Juris, sec. 137, at pages 703-4, under the section dealing with gifts *causa mortis,* we find the following language: "Where there is a controversy as to the fact of making a gift of this kind, evidence tending to show a motive and reason for making it is always admissible, especially where the declarations of the donor, or the acts performed which are relied upon to show delivery, are ambiguous. Evidence showing the donor's affection and regard for the donee is admissible. In the case of a gift by a married woman to a person other than her husband, evidence of his ill-treatment of her is admissible as tending to show a reason and motive for making the gift and so preventing the property from descending to her husband." Section 138: "Prior declarations of the donor constituting part of the *res gestæ,* and showing an intent to give the property in dispute to the donee are admissible as tending to show *quo animo* the act was done, and as corroborative evidence of a gift. A writing signed by the donor, declaring or showing an intention to make a gift of the property in dispute, is admissible. So also his statements showing a state of mind and purpose inconsistent with an alleged gift are admissible to show that no gift was made. Subsequent declarations of the donor in the nature of admissions against interest are admissible in evidence as tending to show that he had given the property in question to the donee. But such declarations are not admissible to defeat a gift consummated by delivery. It has been held that an admission of the donor that he had delivered the property to the donee is competent evidence on the question of delivery." *Riggs v. Strank,* 89 W. Va., 575, 110 S. E., 183; *Bank v. O'Bryne,* 177 Ill. App., 473; *Young v. Anthony,* 104 N. Y. Supp., 87.

In proving a gift *causa mortis* an intentional transfer and actual or constructive delivery is necessary and must be made in view of impending death from present illness. To show the intention of the donor it is proper to allege the setting. As was said in *In re Westfeldt,* 188 N. C., 702 (711): "The setting surrounding the testatrix when the paper-writings were signed, the home conditions and family relationship, when shown, as was proper and done on the trial below, makes it clear as to the disposition of the property—the persons taking and the things taken."

It is proper for the plaintiff, in order to show the intention of the donor, to allege, as she has in paragraphs 3 through 15 of the complaint, the surrounding circumstances of her relationship to the donor. In order to show the transfer and constructive delivery of the *corpus* of the gift she must allege facts to show this transfer and delivery. It is also proper for the plaintiff to allege facts concerning the state of the health of the donor and the circumstances surrounding the donor's death.

We have read the complaint .with care—it is prolix, but gives a consecutive story, leading up to the alleged *donatio mortis causa.* We cannot hold that the allegations were irrelevant or redundant, but construing them liberally "with a view to substantial justice between the parties" we think the court below correct in refusing the motion to strike.

In *Poovey v. Hickory,* 210 N. C., 630 (631), it is written: "The motion under the provisions of C. S., 537, concedes that there are facts alleged in the complaint which are sufficient to constitute a cause of action. Only the propriety, relevancy, or materiality of the allegations sought to be stricken from the complaint are brought in question by the motion, which ought to be allowed only when the allegations are clearly improper, irrelevant, or immaterial. Ordinarily, the plaintiff has the right to state his cause of action in his complaint, as he sees fit or as he may be advised. The allegations may be admitted or denied by the defendant in his answer."

In the recent case of *Scott v. Bryan,* 210 N. C., 478 (482), *Devin, J.,* for the Court, said: "While an appeal will ordinarily lie from the denial of a motion to strike from the pleadings material allegations of matters which are incompetent or irrelevant and prejudicial, it has been well said in recent opinions by the Court that the questions involved could be better determined by rulings upon the competency of the evidence if and when offered, than by undertaking to chart the course of the trial by passing upon allegations as yet undenied. *Hardy v. Dahl,* 209 N. C., 746; *Pemberton v. Greensboro,* 205 N. C., 599.

"While nothing ought to remain in a pleading, over objection, which is incompetent to be shown in evidence, the matter can be determined with greater certainty after consideration of all the pleadings and the evidence adduced on the hearing. *Pemberton v. Greensboro,* 203 N. C., 514."

The second question involved, as stated by Powell, administrator, is as follows: "2. Did the Court err in reversing the order of the Clerk Superior Court for substitution of Powell, Administrator, as defendant in the place and stead of The Fidelity Bank, in the absence of a finding by the Court that the Clerk Superior Court had abused his discretion or committed error of law in signing the order of substitution?" We think not.

Exceptions and assignments of error 15, 16, 17, and 18, made by Powell, administrator, cannot be sustained. We think the order of the court below contains all necessary facts to be found.

N. C. Code, *supra,* section 637, is as follows: "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either

party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so."

In construing the above statute, *Hoke, J.,* in *Williams v. Dunn,* 158 N. C., 399 (402-3), said: "This well-considered statute, which has done so much to facilitate the efficient administration of justice, has always received the liberal interpretation that would best promote its beneficent purpose (*Roseman v. Roseman,* 127 N. C., 494; *Faison v. Williams,* 121 N. C., 152; *Capps v. Capps,* 85 N. C., 408), and whether the present case comes strictly within its terms or not, it is well understood that the clerk is but a part of our Superior Court, and when a motion of this character is brought before the judge in term, all parties having been duly notified, there is no good reason why the principle expressly established by this law in all civil actions and special proceedings should not prevail here and the court have full jurisdiction." *Hall v. Artis,* 186 N. C., 105; *Spence v. Granger,* 207 N. C., 19 (22).

N. C. Code, *supra,* section 460, is as follows: "The court either between the terms, or at a regular term, according to the nature of the controversy, may determine any controversy before it, when it can be done without prejudice to the right of others, but when a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in. When in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in its subject matter, applies to the court to be made a party, it may order him to be brought in by the proper amendment. A defendant against whom an action is pending upon a contract or for specific real or personal property, upon proof by affidavit that a person not a party makes a demand against him for the same debt or property without collusion with him, may at any time before answer apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the possession of the property or its value to such person as the court directs. The court may make such an order."

Under this section the vice-president of the Fidelity Bank of Durham made affidavit before the clerk (after due notice to plaintiff) "that Leon W. Powell, Administrator of the Estate of Joanna Leathers, and who is not a party to this action, has made a demand against said defendant for the money sued for in this action without collusion with said defendant; that the amount of money which is the subject of this action, together with interest thereon to April 1, 1940, is $10,218.10. That this affidavit is made in support of the petition and application of the above

named defendant to substitute said Administrator as defendant in its place, and to discharge it from liability to the plaintiff and said Administrator upon paying into Court the money which is the subject of this action." The clerk granted the petition of the bank over the objection and exception of plaintiff, who appealed to the Superior Court. See sections 633, 634, 635, 636, and 637.

In *In re Estate of Wright,* 200 N. C., 620 (629), we find: "As we are of the opinion that Judge Grady acquired jurisdiction of the entire matter, by virtue of the appeal from the orders of the clerk, and therefore had power, in his discretion, to retain the consolidated causes and to appoint a receiver of the estate of R. H. Wright, deceased, the judgment is affirmed."

The last question involved, as stated by defendant: "3. Did the Court err to the prejudice of Powell, Administrator, in retaining the Fidelity Bank as a party defendant, under the facts disclosed in this record?" We think not.

By reference to the order and decree heretofore set forth by the court below, we think the court below fully protected the rights of the appealing defendant. The Fidelity Bank of Durham seems to be satisfied with the order and decree, and does not appeal. We see nothing prejudicial in the judgment. It is just, as it protects all the litigants. The order and decree of the court below is

Affirmed.

BARNHILL, J., dissenting: This appeal involves only a question of proper pleading. That being true, I would merely note my dissent except for the fact that through her complaint, as presently drafted, the plaintiff will be permitted to present to the jury her sworn statement concerning many matters about which she should not be permitted to testify. Thus, the defendant's cause, in all probability, will be substantially prejudiced. This the defendant seeks to prevent.

The motion to strike is made in apt time as a matter of right. *Hosiery Mill v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794; *Bank v. Almore,* 200 N. C., 437, 157 S. E., 129; *Patterson v. R. R.,* 214 N. C., 38, 198 S. E., 364; *Herndon v. Massey,* 217 N. C., 610, 8 S. E. (2d), 914. It should be decided on its merits. *Skinner v. Carter,* 108 N. C., 106.

The oft repeated pertinent provision of C. S., 506, is: "The complaint must contain—(2) a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition; and each material allegation must be distinctly numbered."

This means that the material, essential or ultimate facts upon which the right of action is based should be stated, and not collateral or evidential facts, which are only to be used to establish the ultimate facts.

BYNUM v. BANK.

The plaintiff should allege all of the material facts—the ultimate facts which constitute the cause of action—but not the evidence to prove them. McIntosh P. & P., 389, sec. 379; *Winders v. Hill,* 141 N. C., 694; *Sams v. Price,* 119 N. C., 572; *Revis v. Asheville,* 207 N. C., 237, 176 S. E., 738; *Hosiery Mill v. Hosiery Mills, supra.* Only the facts to which the pertinent legal or equitable principles of law are to be applied are to be stated in the complaint. McIntosh P. & P., 388, sec. 379; *Moore v. Hobbs,* 79 N. C., 535; *Webb v. Hicks,* 116 N. C., 598; *Lassiter v. Roper,* 114 N. C., 17; *Crump v. Mims,* 64 N. C., 767.

The function of a complaint is not the narration of the evidence, but a statement of the substantive and constituent facts upon which the plaintiff's claim to relief is founded. The bare statement of the ultimate facts is all that is required and they are always such as are directly put in issue. *Winders v. Hill, supra.*

"This is not mere matter of form. It is the essential substance of the litigation." *McLaurin v. Cronly,* 90 N. C., 50. The test is not whether evidence in support of an allegation would be competent upon the trial. It is whether the allegation is of a probative or of an ultimate fact, *Revis v. Asheville, supra;* and the ultimate facts are those which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of those facts. 4 Enc. Pl. & Pr., 612; *Winders v. Hill, supra.*

When a complaint is drawn in accord with the statute and states a cause of action, evidence of the facts alleged is admissible. It does not follow that it is proper to allege any and every fact, evidence of which will be competent at the hearing. The requirement of the statute is based on reason. Its purpose is at least threefold: (1) To clarify the issue or issues of fact to be determined by the jury and to limit and chart the course of the trial; (2) to prevent the presentation of evidential and immaterial facts to the jury through the medium of the complaint; and (3) to altogether exclude from the jury any irrelevant or hearsay matter about which evidence may not be offered and by which the jury might be influenced in its verdict.

Measured by these principles of law, it appears to me that the complaint is not drawn in accord with the statute but contains many immaterial and irrelevant allegations, some of which are nothing more than hearsay, which should be stricken from the complaint.

The only fact "directly put in issue" in this case is the alleged *donatio causa mortis.* And yet, the complaint constitutes a thumbnail sketch of plaintiff's birth, informal adoption, life, family relations, business transactions and the like. It constitutes a synopsis of the life history of the plaintiff and a somewhat detailed summary of the evidence plaintiff apparently will rely upon to prove her cause of action. It includes

not only what would constitute substantive evidence but that which would be admissible for corroboration only. It likewise includes much that would be inadmissible by reason either of C. S., 1795, or of its irrelevancy.

That deceased was the foster parent of plaintiff and that plaintiff lived in the home as a member thereof, waited upon deceased and her husband as a dutiful child would, and that the affectionate regard and consideration one would expect between parent and child existed between deceased and plaintiff are evidential facts which may be offered in evidence as tending to show the reasonableness and probability of such evidence as may be offered to establish the alleged gift, which is the ultimate fact constituting plaintiff's cause of action. They are not facts which are properly pleadable.

There are many other allegations which have no place in the complaint, such as these: "That the plaintiff never knew her own mother, has never seen her since the time the plaintiff was two years old, and never knew what she looked like"; that plaintiff and her husband moved to and lived in New Jersey and New York for a period of time; that plaintiff got a letter from Frank Leathers, her foster father—giving the contents thereof; that plaintiff's foster father, on several occasions, made statements in plaintiff's presence "that after his death everything he had would belong to his wife, Joanna, and to the plaintiff Mattie Bynum, and at different times and different places, clearly indicated such to be his intention"; that deceased constituted plaintiff an agent to draw checks on her bank account, giving the details of the transaction; that deceased got together her shroud clothes and gave plaintiff directions as to where she wished to be buried; that deceased realized that she was suffering from an incurable disease, including in this allegation conversations of the deceased with her doctor, with the plaintiff and between plaintiff and the doctor; as to statements made by the deceased to the plaintiff after the alleged gift had been consummated; and other like matter.

I am of the opinion that all of these numerous allegations which have no place in the complaint should be culled out and stricken in accord with the defendant's motion.

In respect to this my views are succinctly and forcefully expressed by *Shepherd, C. J.,* in *Lassiter v. Roper, supra,* as follows: "In *Bayard v. Malcolm,* 1 Johnson, 453, *Chief Justice Kent* remarked: 'I entertain a decided opinion that the established principles of pleading, which compose what is called its science, are rational, concise, luminous and admirably adapted to the investigation of truth, and ought consequently to be very carefully touched by the hand of innovation.' It was but in keeping with the spirit of these views that our present system of civil

procedure was framed and enacted, and we find this Court very shortly after its adoption repudiating the idea that loose and uncertain pleading would be tolerated.

"In *Crump v. Mims,* 64 N. C., 767, the Court said: 'We take occasion here to suggest to pleaders that the rules of common law as to the pleading, which are only the rules of logic, have not been abolished by The Code.' In *Parsley v. Nicholson,* 65 N. C., 210, it was said: 'The rules of pleading at common law have not been abrogated. The essential principles still remain, and have only been modified as to technicalities and matters of form' . . . 'It was a false notion . . . that the Code of Civil Procedure is without order or certainty, and that any pleading, however loose and irregular, may be upheld; on the contrary, while it is not perfect, it has both logical order, precision and certainty, when it is properly observed. Bad practice, too often tolerated and encouraged by the courts, brings about confusion and unjust complaints against it.' "

The complaint was filed prior to the time the administrator was made a party defendant. This may entail a redrafting of the complaint. It would not be amiss for the court below to require that this be done in conformity with the statute.

STACY, C. J., and WINBORNE, J., concur in dissent.