MRS. RAY S. ALLEN v. THOMAS W. SEAY, JR, ADMINISTRATOR C.T.A. OF MARY CROSS COX, DECEDENT.

(Filed 30 April, 1958.)

**1. Executors and Administrators § 15d:   Quasi Contracts § 2—**
> Where plaintiff declares on a special contract to pay for personal services rendered and also alleges in detail the services which were accepted and that they were reasonably worth a stipulated amount, the allegations are sufficient, upon failure to establish the special contract alleged, to go to the jury on *quantum meruit*.

**2. Executors and Administrators § 15d—**
> The presumption that personal services rendered one kinsman by another are gratuitous does not extend to personal services rendered a first cousin once removed when the persons are not of the same household so that the person rendering the services has to move to the recipient's residence for the purpose of ministering to her.

**3. Limitation of Actions § 15—**
> A plea of the statute of limitations is ineffectual in the absence of fac-

tual allegation showing the lapse of time between the date the cause of action accrued and the date on which it was instituted.

APPEAL by plaintiff from *Rousseau, J.* October, 1957 Term, ROWAN Superior Court.

Civil action to recover $40.00 per week for services and accommodations the plaintiff alleged she agreed to, and did, provide for the defendant's testatrix under a special contract - the payment to be made out of the latter's estate. The plaintiff also alleged in detail the services which the testatrix accepted, and that they were reasonably worth more than $40.00 per week.

The defendant denied the contract and all other material allegations of the complaint, and as a plea in bar alleged, "That any claim existing in favor of the plaintiff for services rendered the deceased was barred by the three-year and six-year statutes of limitations, and same are pleaded by this defendant as a bar to any recovery by the plaintiff."

The court submitted the following issue which the jury answered as indicated:

"In what amount, if any, is the defendant indebted to the plaintiff? Answer: None."

From the judgment in favor of the defendant, the plaintiff appealed.

*Graham M. Carlton for plaintiff appellant.*
*John C. Kesley for defendant appellee.*

HIGGINS, J.   The plaintiff based her cause of action on a special contract. However, upon failure to establish the special contract her complaint contained sufficient allegations to permit her to go to the jury on *quantum meruit. Thormer v. Mail Order Co.,* 241 N.C. 249, 85 S.E. 2d 140; *Jamerson v. Logan,* 228 N.C. 540, 46 S.E. 2d 561; *Wright v. Ins. Co.,* 138 N.C. 488, 51 S.E. 55; *Stokes v. Taylor,* 104 N.C. 394, 10 S.E. 566.

The court submitted only the issue based on the value of the services, evidently upon the ground the evidence was insufficient to show the special contract. On this issue the judge charged:

> "Now, as I stated a moment ago, where one kinsman moves into the home of another kinsman there is a presumption of fact that the services rendered by the kinsman to another kinsman were given gratis, that is, free, but that is not a conclusive presumption; that can be rebutted, and if . . . you find by the greater weight of the evidence that Mrs. Cox received services under certain circumstances and conditions, and find that she expected

to pay Mrs. Allen for the services and Mrs. Allen expected her to pay, then it is a case of arriving at whatever her services were reasonably worth; . . .

"You cannot go back now and award any sum of money to Mrs. Allen beyond three years from the time Mrs. Cox died."

The plaintiff's assignment of error No. 17 challenges the quoted portion of the charge insofar as it relates to the presumption that services rendered to a kinsman by a kinsman are gratuitous. "The general rule that the performance of valuable services for one who knowingly and voluntarily accepts the benefit thereof raises the implication of a promise to pay, is subject to the modification that, when certain family relationships exist, services performed by one member of the family for another, within the unity of the family, are presumed to have been rendered in obedience to a moral obligation and without expectation of compensation." *Francis v. Francis,* 223 N.C. 401, 26 S.E. 2d 907 (citing numerous cases). See also, *Twiford v. Waterfield,* 240 N.C. 582, 83 S.E. 2d 548; *Dills v. Cornwell,* 238 N.C. 435, 78 S.E. 2d 167; *Stewart v. Wyrick,* 228 N.C. 429, 45 S.E. 2d 764; *Coley v. Dalrymple,* 225 N.C. 67, 33 S.E. 2d 477; *Landreth v. Morris,* 214 N.C. 619, 200 S.E. 378; *Winkler v. Killian,* 141 N.C. 575, 54 S.E. 540; *Callahan v. Wood,* 118 N.C. 752, 24 S.E. 542; *Williams v. Barnes,* 14 N.C. 348; Mordecai's Law Lectures, 2d ed., 119.

In the case at bar the plaintiff and the testatrix were first cousins once removed. Prior to 1947 the former lived in New Jersey and the latter in South Carolina. In that year the testatrix moved to the plaintiff's apartment in New Jersey where she remained until her death in 1956. Prior to 1947, insofar as the evidence discloses, the two had never been members of the same household. The court's charge, therefore, that services by a kinsman to a kinsman are presumed to be gratuitous was entirely too broad and all-inclusive. Kinship in this case, according to the authorities cited, and many others, was insufficient to raise a presumption that services rendered were gratuitous. In the charge the court committed error prejudicial to the plaintiff.

The plaintiff's assignment No. 18 challenges the applicability of the plea of the statutes of limitations quoted in full in the statement of facts. The form and sufficiency of the plea were not debated either in the briefs or on the argument. However, we call attention thereto in view of the assignment of error. The essence of such a plea is a factual allegation showing the lapse of time between the date the cause of action accrued and the date on which it was actually instituted. When the facts showing the lapse of time are pleaded, the pleader becomes entitled to the benefit of the plea as a matter of law.

" . . . the plea is not good if it merely states that the party pleads the statute of limitations . . . he must go further and state the facts constituting the defense." *Bank v. Warehouse,* 172 N.C. 602; *Jackson v. Thomas,* 211 N.C. 634, 191 S.E. 327; *Pipes v. Lumber Co.,* 132 N.C. 612, 44 S.E. 114; *Lassiter v. Roper,* 114 N.C. 17, 18 S.E. 946; *Turner v. Shuffler,* 108 N.C. 642, 13 S.E. 243; *Pope v. Andrews,* 90 N.C. 401; McIntosh on Practice and Procedure, 2d ed., Vol. 1, sec. 372, p. 211.

The plaintiff alleges that errors were committed in the exclusion of certain testimony and documents tending to show a special contract. Some of these assignments are not without merit, but since they may not arise on another trial we refrain from discussing them. For the error in the charge, the plaintiff is awarded a

New Trial.